EUGENE E. WEST *et al., Appellants,* v. MANNING DAN-IELS, *Appellee. Original Bill.*

EUGENE E. WEST, *Appellant,* v. MANNING DANIELS, *Appellee. · Cross Bill.*

EQUITY PRACTICE—AFFIRMING DECREE ON FACTS.

Where the propriety of a decree appealed from in an equity cause

is dependent solely upon the facts in proof, an appellate court should affirm such decree if the facts in proof justify it.

This case was decided by the court En Banc.

Appeal from the Circuit Court for St. Johns County.

The facts in the case are stated in the opinion of the court.

*Barrs, Odom & Browder,* for Appellants.

*Stephen E. Foster,* for Appellee.

TAYLOR, J.—The appellee, Manning Daniels, filed his original bill in the Circuit Court of St. Johns County in equity against the appellants, Eugene E. West, Lula F. West, his wife, William S. Jordan, A. H. West, George C. Floyd, W. R. Rannie, Frank M. Clark, L. A. Colee and the Wild Wood Park Company, a corporation, praying reformation in the description of certain land described in a deed executed by said Manning to Frank M. Clark, and for a corresponding reformation of the description of the same land in a mortgage thereof made by the appellant Eugene E. West to said Manning Daniels to secure the payment of the purchase money for said land, the property having been purchased by said West and Clark and the other defendants as their associates and conveyed by Manning to Clark and by Clark to West, the latter executing his notes and mortgage for the deferred payments of the purchase money. All of the defendants except Eugene E. West answered the bill disclaiming any interest in the subject matter of the suit. Eugene E. West answered the bill denying the material allegations thereof as to the existence of any mistake in

the description sought to be reformed, and filed a cross-bill alleging in substance that land had been bought by him and conveyed to him by said deed, that said Manning Daniels did not own and had no right to convey, and praying for a cancellation of said deed and mortgage sought by the original bill to be reformed. This cross-bill was fully answered by Manning Daniels. Replications were duly filed, a master appointed and a voluminous amount of evidence, both oral and documentary, was taken and reported to the court who at the final hearing rendered a final decree reforming the said instruments as prayed in the original bill, and dismissing the cross-bill of the defendant Eugene E. West. For review of this decree the defendants to the original bill bring the case here by appeal, assigning the said decree as error.

The propriety of the decree rests entirely upon the facts as disclosed by the proofs. No useful purpose can be subserved by a detailed discussion of the volume of proofs submitted. We have carefully considered it, and are of the opinion that the decree appealed from was proper on the proofs. Indeed it seems to us that the reformation effected by the decree of the description of the land in the deed and mortgage can be properly evolved from the four corners of those two instruments themselves almost without the aid of the volume of extrinsic evidence adduced, the reformation made simply making the description contained in said instruments more definite, clear and certain. As to the cross-bill the decree dismissing it was proper as there was no proof adduced justifying the relief sought thereby. We think, too, that the proofs show that all of the defendants to the original bill were so connected with or interested in the subject matter of the suit as to make them proper parties defendant, and so as to make the decree for costs against them proper.

Finding no error the decree of the Circuit Court appealed from in said cause is hereby affirmed at the cost of the appellants.

All concur, except PARKHILL, J., absent on account of illness.