B. Z. SNOWDEN, *Appellant,* v. JOHN A. CUNNINGHAM, *Appellee.*

1. Whether ascertained or conceded facts constitute a partnership is a question of law; but whether the essentials of a partnership exist is a question of fact to be determined by the circumstances of each case as it arises.

2. Findings of facts within the issues made will not ordinarily be disturbed by an appellate court where there is evidence to support the findings and no rule of law or procedure appears to have been violated.

3. Where there is conflict in the testimony as to whether a partnership existed between complainant and defendant and the whole evidence is such that errors in the finding are not made to appear, a decree that no partnership existed will be affirmed, no error of law or procedure being disclosed.

This case was decided by the court En Banc.

Appealed from the Circuit Court for Volusia County.

The facts in the case are stated in the opinion of the court.

*Jones & Jones,* for Appellant;

*Fletcher & Dodge,* for Appellee.

WHITFIELD, C. J.—The appellant brought a bill in equity in the Circuit Court for Volusia County alleging a partnership with the appellee and praying for a dissolution of the partnership, the appointment of a receiver and an accounting upon allegations that the appellee had not performed his partnership obligations.

The Court denied the application for a receiver. An answer was filed denying the partnership and the court ordered testimony to be taken by a special examiner.

The testimony taken and submitted to the court by agreement on final hearing was in effect confined to the question whether a partnership existed between the parties. From a decree finding for the defendant and dismissing the bill of complaint, an appeal was taken by the complainant who assigns errors on the denial of a receiver and the dismissal of the bill.

Whether ascertained or conceded facts constitute a partnership is a question of law; but whether the essentials of a partnership exist is a question of fact to be determined by the circumstances of each case as it arises. Findings of facts within the issues made will not ordinarily be disturbed by an appellate court where there is evidence to support the findings and no rule of law or procedure appears to have been violated. See Doggett v. Jordan, 2 Fla. 541; Webster v. Clark, 34 Fla. 637; 16 South. Rep. 601; Dubos v. Jonès, 34 Fla. 539, 16 South. Rep. 392.

While there is more or less conflict in the testimony as to whether a partnership existed between the complainant and the defendant, the whole evidence is of such a nature that error is not made to appear in the finding of the chancellor that the equities are with the defendant. If there was no partnership the complainant has made no case for the relief prayed. The effect of the finding of the chancellor on the evidence is that there was no partnership, and

as that finding is not shown to be erroneous, the decree dismissing the bill of complaint is affirmed.

All concur, except TAYLOR, J., absent on account of illness.

Petition for rehearing in this case denied.