B. F. WATERS, *Plaintiff in Error*, v. SOUTHERN ASPHALT & CONSTRUCTION COMPANY, *Defendant in Error*.

Opinion Filed May 11, 1914.

1. Oral testimony as to a matter not inconsistent with a written contract on the subject may be admissible.

2. Where a finding has substantial support in conflicting evidence, and no material and prejudicial errors of law or procedure appear, the finding will not be disturbed by the appellate court.

Writ of Error to Circuit Court for Hillsborough County; F. M. Robles, Judge.

Judgment affirmed.

*Dozier A. DeVane*, for Plaintiff in Error;

*C. C. & Karl E. Whitaker* and *T. M. Shackleford Jr.*. for Defendant in Error.

WHITFIELD, J.—Waters brought an action to recover a contract price for hauling brick from a vessel to streets where they were to be used for paving. Trial was had on a plea of payment. There was judgment for the defendant, and the plaintiff took writ of error.

In a letter written by the Asphalt Company to Waters and accepted by him, it is stipulated that Waters agreed "to haul away from the vessel's side the entire cargo of vitrified brick * * * at a price of $2.00 per thousand brick." As the letter contains no stipulation as to the means and manner of payment, it was proper to ad-

VOL. 67, JANUARY TERM, 1914. 441

State *ex rel.* R. R. Com. v. A. C. L. & S. A. L. Ry. Co.—Syllabus.

mit testimony on this subject that is not inconsistent with the written instrument.

Over objection the court admitted testimony that by agreement Waters was to be paid for the hauling by officers of the City of Tampa and the amount charged to the Asphalt Company in settling for paving streets. Such testimony was admissible under the issue made.

There was conflicting testimony relative to the agreement as to the manner of payment and as to payment, on which the jury found for the defendant, and as such finding has substantial support in the evidence, and no material and prejudicial errors of law or procedure appearing, the judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.