CITY OF MARIANNA, *Appellant*, v. MATTIE MAE DANIEL, *Appellee.*

Opinion Filed October 17, 1917.

1.   In a suit to enjoin a city from opening or extending a street, an answer by the city claiming a right under a dedication

of the land sought to be appropriated for the public use, is new matter and the burden rests upon the city to prove such dedication.

2. The findings and conclusions of a Chancellor upon testimony taken before an examiner and duly reported will not be disturbed by an appellate court unless such findings and conclusions are clearly shown to be erroneous.

Appeal from Circuit Court for Jackson County, D. J. Jones, Judge.

Decree affirmed.

*Moses Guyton* and *R. H. Buford,* for Appellant;

*Wm. B. Farley,* for Appellee.

ELLIS, J.—The appellee in 1912 exhibited her bill against the City of Marianna, appellant, and certain of its officers and prayed for an injunction restraining the city and certain of its officials from attempting to open a street through appellee's lands and from interfering with her said lands in anywise.

The chancellor granted a temporary injunction against the city and certain of its officers and its agents and employees restraining them from "trespassing upon the property of the complainant in said bill described and from attempting to open a street as a continuation of Green Street north of North Green Street through the property enclosed and claimed by complainant and from in anywise interfering with complainant's fences or property until the further order of this court." On final hearing in June, 1916, the chancellor found that the equities were with the complainant below and decreed

that the temporary injunction granted in 1912 be made perpetual. From this decree the city of Marianna appealed.

The bill of complaint alleges in substance that Mrs. Daniel owns certain lands in the City of Marianna on the north side of North Green Street and to the westward of Jefferson Street in the Peyton addition to the "plan of the town of Marianna." That north of North Green Street no street has been opened to the westward of her lands "which property is sometimes known as Lots four and six of said Payton's Addition." Green Street is a street which runs north and south through a certain part of the city and intersects North Green Street near complainant's land which is bounded on the south by the latter street. It is alleged that Green Street terminates at the point where it intersects North Green Street and that north of that point Green Street has never been opened, extended, dedicated or used by the city as a street. The complainant improved her property by building two cottages upon it fronting upon North Green Street and rebuilding a fence along the southern line of her land which extends according to her contention to a point west of what would be the eastern side of Green Street if that street extended north of North Green Street. It is alleged that the land now enclosed has been used and claimed, occupied and enclosed by the complainant and her late husband and his predecessors in title and at no time has the part in dispute been in open street. The bill alleges that the city through its officers is threatening to tear the fence away and appropriate so much of the property as is necessary to the city's use as a public street without making any compensation to the complainant therefor. The answer does not clearly aver that any part of the lands claimed by complainant was

dedicated by the owner to the city for use as a public street, nor that the city had ever accepted it for that purpose. There is an averment however to the effect that the lands claimed by the complainant constitute part of "Peyton's Addition to the City of Marianna," and that said addition is platted in streets and lots and that the lots are numbered consecutively from one to forty-eight inclusive, and that lots four and six owned by complainant are bounded on the west by Green Street and on the south by North Green Street, and on the east by Jefferson Street. That for a number of years after the "platting and laying off of said town the said Green Street remained open to a point north of the locations of said lots four and six of "Peyton's Addition." A "certified copy of that part of the plat of the original town of Marianna showing lots 4 and 6 of Peyton's Addition to the town of Marianna was attached to the answer and asked to be made a part of it. It was also averred that the lots numbered four and six embrace an area described by lines commencing at the intersection of the north side of North Green Street with the west side of Jefferson Street and running west one hundred and seventy-five feet, thence north four hundred feet, thence east one hundred and seventy-five feet, thence south four hundred feet to the point of beginning, the northern half of the area being lot four and the southern half being lot six. A replication was filed and testimony taken before a special examiner who was agreed upon by solicitors for the parties.

The answer undertakes to defend the city's act in removing the complainant's fence upon the ground that a portion of the land enclosed by the fence had been dedicated by the former owner of the soil to public use as a street. There is no averment however that the former

owner of the land subdivided it into streets and lots and sold the lots with reference to a plat showing such subdivisions. There is no averment showing that the city relies upon a dedication of Green Street north of North Green Street by deed or other writing, nor by acquiescence in uses by the public. It is not clear from the averments of the answer what form of dedication is relied upon further than some form of implied dedication.

As the averment of dedication in the answer is new matter offered in justification of the defendant's attempt to subject the complainant's property to a public use, the burden rests upon the City of Marianna to prove such dedication. See McGourin v. Town of DeFuniak Springs, 51 Fla. 502, 41 South. Rep. 541.

The question presented by the record is not what constitutes a dedication of land for public use as a street, but the question of fact whether a dedication of the particular parcel of land had been made.

We have examined the evidence carefully and are unable to say that the conclusion reached by the chancellor was erroneous. Mock v. Thompson, 58 Fla. 477, 50 South. Rep. 673; Waterman v. Higgins, 28 Fla. 660, 10 South. Rep. 97; Williams v. Bailey, 69 Fla. 225, 67 South. Rep. 877.

The decree is therefore affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST. J. J., concur.