HARRY SIRKIN AND HIS WIFE, JULIA SIRKIN, AND TUNIS JOHNSON, *Appellants,* v. JOSEPH SCHUPLER, *Appellee.*

En Banc.

Opinion Filed June 24, 1925.

1. Presumptions are in favor of the *bona fides* of subsequent purchasers or mortgages of real estate who claim to have had no knowledge of a prior, unrecorded conveyance of or mort-

gage upon the property by the grantor or mortgagor, and the burden of showing notice is upon the party claiming· under such prior, unrecorded conveyance or mortgage.

2. The purchaser of real estate who, at the time of the purchase, had actual knowledge of a mortgage upon the property, although the mortgage had not at that time been recorded, takes the property subject to the mortgage lien.

3. The findings of the chancellor on the facts will not be disturbed by an appellate court unless such findings clearly appear to be erroneous.

An Appeal from the Circuit Court for Palm Beach County; E. C. Davis, Judge.

*George R. Kline, Hollis T. Pope* and *H. J. Quincy,* for Appellants;

*Wideman & Wideman,* for Appellee.

WEST, C. J.—This is a suit to foreclose a mortgage on ceratin land therein described, given to secure the payment of an indebtedness represented by two promissory notes. The notes, which are dated January 29, 1920, were made by the defendant, Harry Sirkin, to the complainant, Joseph Schupler, and Louis Schutzer. The bill alleges that the complainant thereafter, on the 10th day of April, 1920, acquired by assignment from Louis Schutzer his interest in the indebtedness and mortgage given to secure its payment. It contains the following paragraph:

"That on the 30th day of March, A. D. 1921, the said Harry Sirkin and Julia Sirkin, his wife, by warranty deed conveyed to Tunis Johnson the fee simple title in and to the above described real estate, as will more fully appear by the record of said warranty deed in Deed Book 56, page

265, of the public records of Palm Beach County, Florida,
and by a certified copy of said deed hereunto attached,
marked complainant's Exhibit No. 4 and made a part of
this bill of complaint, to which reference is made with the
usual prayer; that the said Tunis Johnson did have actual
notice of the interest of your orator by virtue of said mort-
gage; that at the time of the purchase and before delivery
of above deed the said Tunis Johnson was put on notice of
the existence and the lien of your orator's mortgage, and
at the time of the delivery of the said deed the said Tunis
Johnson well knew of your orator's mortgage and took title
to said real estate thereto.''

Payment not having been made at maturity, suit was
brought to foreclose the mortgage, resulting in a final de-
cree for complainant, from which this appeal is taken.

By answer of defendant, Tunis Johnson, he denies that
he had notice of the mortgage at the time of the purchase
of the property and delivery of the deed to him therefor;
and avers that prior to his purchase he procured an ab-
stract of title of said land which disclosed no mortgage of
record thereon, that at the time of his purchase and recep-
tion of the deed he had no notice or knowledge whatever of
the mortgage deed, that the mortgage was not filed for rec-
ord until April 12, 1921, some thirty days after the delivery
to him of the deed therefor, and that he paid the full agreed
purchase price for the property and received deed of con-
veyance from said Harry Sirkin and Julia Sirkin, his wife,
containing full covenant and warranty.

This issue is purely a question of fact. It is the decisive
question in the case. While the presumptions in such a case
are in favor of the *bona fides* of the subsequent purchaser
and the burden rested upon complainant to show notice to
the defendant of the mortgage (Caroline Portland Cement

Co. v. Roper, 68 Fla. 299, 67 South. Rep. 115), yet, if the defendant, at the time of his purchase, had actual knowledge of the mortgage as alleged, he took it subject to the mortgage lien. Bowden v. Grace, 64 Fla. 28, 59 South. Rep. 563; Thompson v. Maxwell, 16 Fla. 773. There is a specific finding of the chancellor that the defendant, Tunis Johnson, had, at the time of the purchase of the property and delivery of the deed therefor to him, actual notice of the mortgage. Unless this finding is clearly shown to be erroneous, it should not be disturbed by an appellate court. Kirkland v. Hutto, 85 Fla. 82, 95 South. Rep. 429; Smith v. Hollingsworth, 85 Fla. 431, 96 South. Rep. 394; Smith v. Dowling, 81 Fla. 867, 89 South. Rep. 315; Commercial Bank of Ocala v. First Nat. Bank of Gainesville, 80 Fla. 685, 87 South. Rep. 315; Hill v. Beacham, 79 Fla. 430, 85 South. Rep. 147.

There is evidence in the record sufficient to sustain the decree. It is therefore affirmed.

Affirmed.

WHITFIELD, TERRELL AND STRUM, J. J., concur.