W. E. Long and J. F. Kirkland, *Appellants*, v. E. L.
Sphaler, H. L. Scofield and S. F. Derrick, Copartners
Trading as Pine Castle Lumber Company, *Appellees*.

En Banc.

Opinion Filed June 30, 1926.

Petition for Rehearing Denied July 27, 1926.

1. Where complainant in a bill in equity alleges in express
   terms a material allegation essential to the relief prayed,
   and the answer of the defendant neither denies the specific
   allegation of the bill or avers that the pleader is without
   knowledge as to such alleged fact, such answer will be taken
   as an admission by the defendant of the allegation and it is
   not necessary to further prove its existence.

2. Upon a disputed question of fact, in an equity proceeding,
   when the evidence is conflicting, and the finding of the chan-
   cellor is supported by substantial evidence and does not
   clearly appear to be wrong on the whole evidence, such con-
   clusion of the chancellor will not be disturbed on appeal.

An Appeal from the Circuit Court for Orange County;
C. O. Andrews, Judge.

Decree affirmed.

*Jones & Jones,* for Appellants;

*Maguire & Voorhis,* for Appellees.

Koonce, Circuit Judge.—The bill of complaint alleges
that the appellees (complainants below) furnished ma-
terial to the appellant Kirkland (one of defendants below)
for improvements on the building of the appellant Long
(the co-defendant below)—Kirkland being the contractor

performing the work on such building. That a *written* notice was served on the owner Long that such material had been furnished to Kirkland to be used in repairing and improving the building on the property of the owner Long. The answer of the defendant did not specifically deny the service of such written notice, but at least implies that such notice was served by these words: "That at the time of the service of the notice and the filing of the lien as alleged in the bill of complaint, this defendant was not due the defendant Kirkland any amount whatever, but on the contrary the defendant Kirkland is due and was due money to this respondent; that no cautionary notice has been filed on this defendant in time to stop any amount due Kirkland." This answer at best amounts to no more than a denial that notice was served (the word used by defendant being "filed") in time to stop any amount due Kirkland by Long. This answer must therefore be taken as an admission of the positive statement in the bill that written notice was served on the defendant, and it became unnecessary to further prove it even though it might have been permissible to have done so.

It then remains to consider whether or not the materials were furnished Kirkland by the complainants below, and what amount if any was owing to the defendant Kirkland by the defendant owner Long at the time of the service of the notice alleged in the bill. The evidence is clear as to the furnishing of the materials and the amount due therefor by Kirkland. The evidence is not so clear as to what amount was due to Kirkland by Long, but after the case had been referred to the master the second time to take proof beyond this point the chancellor determined from the evidence that Long was indebted to Kirkland in a certain amount for which amount the complainants were entitled to a lien upon the property of Long. This conclusion

of the Circuit Judge was supported by substantial evidence and therefore should not be disturbed, it not appearing to be clearly wrong on the whole evidence.

The decree is affirmed.

PER CURIAM.—The record in this cause having been considered by this court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the court as its opinion, it is considered, ordered and adjudged by the court that the decree of the Circuit Court in this cause should be, and the same is hereby, affirmed.

BROWN, C. J., AND WHITFIELD, ELLIS, TERRELL AND BUFORD, J. J., concur.