CHARLES H. NELSON, INDIVIDUALLY AND AS FORMER DIREC-
TOR AND PRESENT TRUSTEE OF TROPICAL LAND COMPANY,
A CORPORATION, *Appellant*, V. TROPICAL LAND COMPANY,
A CORPORATION; GEORGE A. HOLZ AND FRED A. CHRISTIE,
INDIVIDUALLY AND AS FORMER DIRECTORS AND PRESENT
TRUSTEES OF TROPICAL LAND COMPANY, A CORPORATION;
SAVAGE REALTY COMPANY, A CORPORATION, AND FLORIDA
AND CAPE COD REALTY COMPANY, A CORPORATION, *Ap-
pellees.*

Division B.

Opinion Filed January 31, 1927.

1. Ordinarily one should not be made a party defendant to a
suit *in personam* over the objection of the complainant.

2. This rule like all others is governed by the facts arising
in the particular case. If the Chancellor in the exercise of
his discretion grants a petition to intervene over the objec-
tion of the complainant, it will not be disturbed unless error
is clearly made to appear.

An Appeal from the Circuit Court for Palm Beach
County; C. E. Chillingworth, Judge.

Affirmed.

*Frank A. Pettibone,* for Appellant;

No appearance for Appellee.

PER CURIAM.—Nelson, the appellant, brought suit in
Chancery against the appellees Holz, Christie and Tropical
Land Company for receiver, accounting and injunction.
Appellees here, defendants below, filed their answer ad-
mitting some of the allegations of the bill, and denying
others. In this state of the case appellee, Florida and

Cape Cod Realty Company, Inc., filed its petition to intervene and be made a party defendant, because (1) it had advanced money to pay certain obligations for abstracts and taxes, and (2) it held by assignment a certain contract made by Turner and Holz for the sale and purchase of certain lands. It appearing that the purpose of the intervention as to this contract is to have it reformed and made the contract of the Tropical Land Company, it having been executed by Holz personally.

A motion to strike the petition to intervene was denied and a demurrer to said petition was overruled. Appeal is prosecuted from both orders.

Appellant contends here that this is a suit *in personam* and not *in rem,* and that one cannot be made a party defendant in such suit over the objection of the complainant; that no trust relation is shown to exist between petitioner and the parties to the suit, consequently the petition should have been denied and that sufficient interest on the part of the petitioner in the subject-matter in litigation is not shown to support its petition for intervention.

As an abstract proposition of law appellant's contention is well supported; but these rules, like all others, are controlled by the facts arising in the particular case. We have examined the record carefully in the light of the questions raised and as against the discretion and ruling of the Chancellor in allowing intervention it is not clearly made to appear that error was committed.

Affirmed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.