J. L. LIGHTSEY, W. D. BUSH, M. F. COATE, R. VESTAL, J. F. ALBURY, BESSYE LIGHTSEY, W. T. VESTAL, JOSEPH W. KLINGEL AND F. W. GEYER, *Appellants,* v. WASHINGTON PARK PROPERTIES, INC., *Appellee.*

Division B.

Opinion Filed March 15, 1927.

1. The findings of a Chancellor upon the evidence will not be disturbed unless such findings are clearly shown to be erroneous; but if a decree is manifestly .against the weight of the evidence or contrary to the legal effect of the evidence, then it becomes the duty of the Appellate Court to reverse such decree. This rule applies to final decrees. In this case the decree appealed from·is *pro forma* an interlocutory decree, but was made after taking and considering testimony and is in effect a final adjudication and is, therefore, subject to the rule.

An Appeal from the Circuit Court for Hillsborough County; L. L. Parks, Judge.· ᐧ ᐧ  ᐧ              ᐧ ᐧ

Reversed.          ᐧ  ,    ᐧ        ᐧ           ᐧᐧ   ᐧ

*Charles B. Parkhill* and· *Pat·Whitaker,* for Appellants;

*Brown & Gibbs* and *Macfarlane, Pettingill, Macfarlane & Fowler,* for Appellee.

PER CURIAM.—In this case bill of complaint was filed in the Circuit Court of Hillsborough County to enjoin the Appellants. The prayer of the bill was in substance as follow lows:

"1.   For a mandatory injunction against Lightsey and Vestal from maintaining the said signs and requiring the said defendants to remove the said signs. (From the defendan's own premises.)

2. That all Defendants be enjoined and restrained from erecting and maintaining any other signs of like character upon property owned, occupied or used by them.

3. That the Defendants be enjoined and restrained from threatening, intimidating, or interfering with Complainant, its agents, salesmen or employees while lawfully engaged in prosecuting the Complainant's business, and from entering upon Complainant's property and from interfering with Complainant's prospective purchasers."

Demurrer and answer were filed. The dumurrer was overruled and testimony was taken on bill and answer. The decree of the Chancellor was as follows:

"This cause coming on upon the application of the complainant for a temporary restraining order, and the Court having heard the evidence introduced upon such application both by complainant and the defendants, and both complainant and defendants having been represented by counsel, and the court having heard the argument of counsel, finds that said application for a temporary restraining order against the defendants above named should be granted; that the material allegations of the bill in support of said application are sustained by the evidence, and the court being fully advised in the premises.

It is therefore ordered, adjudged and decreed that the

defendants, J. L. Lightsey, W. D. Bush, W. L. Coats, R. Vestal, J. F. Albury, W. T. Vestal, Joseph W. Klingel and F. W. Guyer, and each and every one of them and their agents, servants, employees and attorneys be and they are hereby enjoined and restrained from doing or permitting any of the following acts, to-wit:

(1) From further maintaining certain signs in said bill of complaint described, reading in substance,

" Notice—Negroes, this is a white settlement. Negroes are not desired in the neighborhood. Investigate before you buy,' " upon the premises described in the bill of complaint belonging to the defendants, W. L. Lightsey and R. Vestal.

(2) From erecting or causing to be erected upon the premises described in said bill of complaint, or upon other premises in the vicinity of complaint's property signs of similar kind or character and from maintaining the same.

(3) From threatening, intimidating, or interfering with complainant, its officers, salesmen and employees while lawfully engaged in, about or upon its property.

(4) From threatening, intimidating, or interfering with any person who may be brought to complainant's property, and particularly with persons who are prospective purchasers of complainant's property and from going upon or in any way interfering with the property of complainant.

This restraining order shall become effective upon the filing of a bond signed by the complainant as principal with good and sufficient surety or sureties, in the penal sum of five hundred dollars and so conditioned as to indemnify and save harmless the defendants from loss or damage accruing to them from the illegal issuance of this order, provided, however, that defendants be and they are hereby allowed until the 26th day of May, 1926, within which to apply to the Supreme Court of the State of Flor-

ida for an order superseding this temporary restraining order and insofar as the abatement of the signs described in paragraph one of this order is concerned this order shall not become effective until the 26th day of May, 1926.

We have carefully considered the allegations and denials contained in the pleadings and we have also carefully considered the evidence as shown by the record.

In the case of the Florida National Bank of Gainesville v. Sherouse, 80 Fla. 405; 86 Sou. 279, this Court says:

"The findings of a Chancellor upon the evidence will not be disturbed unless such findings are clearly shown to be erroneous; but if a decree is manifestly against the weight of the evidence, then it becomes the duty of the appellate court to reverse such decree."

This rule applies to final decrees. In this case the decree appealed from is *pro forma* an interlocutory decree, but was made after taking and considering testimony and is in effect a final adjudication and is, therefore, subject to the rule. Applying the rule as stated in that case to the one now before us, we are of the opinion that the decree of the Chancellor should be reversed and that no good purpose can be served by discussing in detail the allegations and denials of the pleadings and the legal effect of the testimony. It is therefore, so ordered.

Reversed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.