SHIPLEY-YOUNG COMPANY, a corporation, E. R. SHIPLEY, J. E. GEAGLEY, M. V. SHIPLEY, *Appellants*, v. D. D. YOUNG, *Appellee*.

Division B.

Opinion filed January 26, 1929.

*Carraballo, Moran & Graham*, for Appellants;

No appearance for Appellee.

PER CURIAM.—In this case a bill was filed by Young who alleged that he was a stockholder in a corporation, the Shipley-Young Company, and that he was an officer and director of said corporation. That the other directors of the corporation pretended to cancel his stock in that corporation and elected another to act in his place as an officer and director in such corporation and had, without authority of law, deprived him of his rights as a stockholder, director and officer of such corporation.

A demurrer was filed to the bill of complaint. The demurrer was over-ruled and this order of Court over-ruling the demurrer is assigned as error. After considering the allegations of the bill of complaint, we are of the opinion that the demurrer was properly over-ruled and so hold.

An answer was filed alleging in effect that the stock issued to the complainant had been procured through covin and

fraud and affirmative relief was prayed against the complainant on counter claim set up in the answer. Replication was filed. A master was appointed and testimony taken and report of the master made to the Court.

On consideration of the master's report, final decree was entered in favor of the complainant. From this decree appeal is taken.

The record is voluminous and although its consideration has required many hours of tedious reading to familiarize ourselves with the contents thereof, we have done so and find that in reaching his conclusion the chancellor was compelled to consider a large volume of testimony, a great deal of which is conflicting and in which much animosity is shown, and a very large part of which has no relation to the issues involved.

To reverse the decree of the chancellor, we would be required to find from the record that the evidence clearly shows that the decree was erroneous.

This Court has repeatedly held, "A decree solely on questions of fact will not be disturbed unless the evidence clearly shows that it was erroneous". And, again, in many cases this Court has held that, "Where there is irreconcilable conflict in the testimony in which a decree is based, but there is evidence to support the decree it will not be reversed".

The decree should, therefore, be affirmed and it is so ordered.

Affirmed.

Whitfield, P. J., and Strum and Buford, J. J., concur.

Terrell, C. J. and Brown, J., concur in the opinion and judgment.

Ellis, J., concurs in the conclusion reached.