JANIE ROLAND, alias JENNIE ROLAND, *Appellant*, v. ROSA B. MATHEWS and WILBUR M. ROLAND, a Minor, by his next friend, FRED M. VALZ, *Appellees*.

Division B.

Opinion filed October 18, 1929.

696

*Price, Price, Kehoe & Kassewitz,* for Appellant;

*McIlvaine & Ray,* for Appellees.

BUFORD, J.—In this case the appeal is from an interlocutory decree of partition entered by the chancellor in a suit brought to partition certain lands in Dade county.

The rights of the parties depend entirely upon whether or not the County Judge's Court of Duval County, Florida, had jurisdiction to probate the last will and testament of one William M. Roland, deceased, which was filed in such court on the 9th day of December, 1924, and to issue letters testamentary thereon.

The answer to the question of whether or not such court had such jurisdiction at the time it assumed to take such action must be found from the evidence introduced before an examiner and considered by the chancellor.

Testimony was taken before a Master on issues properly made and presented, and was presented to the court without Master's report, such report being waived.

The record shows substantial evidence supporting the decree of the chancellor.

The rule in this State, that the finding of a chancellor based on testimony taken before an examiner will not be given the same effect as the verdict of a jury, but the chancellor's conclusions solely on facts will not be reversed unless it clearly appears that he has erred in such conclusions, is established by a long line of decisions of this court, as is also the rule that where there is a direct conflict in the testimony on which a decree is based, but there is evidence to support the decree, it will not be reversed. Lewter v. Price, 25 Fla. 574, 6 So. R. 439; Waters v. Southern Asphalt, etc., Co., 67 Fla. 440, 65 So. R. 457; Hogenoom v. Anderson, 70 Fla. 393, 70 So. R. 312; Sandlin v. Hunter Co., 70 Fla. 514, 70 So. R. 553; Rosenthal v. First Natl. Fire Ins. Co., 74 Fla. 371, 77 So. R. 92; Baldwin v. Christopher, 75 Fla. 605, 79 So. R. 339; Tatum v. City B. & L. Assn., 76 Fla. 258, 79 So. R. 839; McCook v. Caruthers, 87 Fla. 238, 99 So. R. 559; Travis v. Travis, 81 Fla. 309, 87 So. R. 762; Schafer v. Voyle, 88 Fla. 170, 102 So. R. 7; Edney v. Stinson, 90 Fla. 335, 105 So. R. 821.

We, finding that this Court in the instant case should not reverse the chancellor in his findings of fact, it is not needful to discuss assignments of error based on other grounds because if the chancellor is sustained in his findings on the facts the other assignments of error must in this case be disposed of adversely to the contentions of the appellant.

Finding no reversible error presented by the record, the decree should be affirmed. It is so ordered.

Affirmed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.