Ellis, J.
 

 C. B. Gold and others are the owners of certain lots in North Park Annex, a subdivision of Govérnment Lot 3, Section 36, Township 28 South, Range 18. The lots are adjacent to and abut upon Lambright Street in the City of Tampa. The street was dedicated for street purposes by the owners of the subdivision to Hillsborough County and afterward the territory within -which the street is located was by appropriate action taken within the corporate limits of the city. Some of the owners of the lots have built residences upon their property. The street runs west from Florida Avenue and has never been graded to conform to the grade established by the city for streets in that neighborhood. The city proposes to grade the street and if it does the street level will be lowered in places to a depth of from thirty to thirty-six inches below the line of the surface as it now exists.
 

 The complainants brought a bill in chancery against the city to restrain it from grading the street according to its plans.
 

 
 *1136
 
 The complainants contend that if the plans of the city are carried out their property will be inaccessible and their rights of ingress and egress interfered with to their inconvenience; that the street will be converted into a drainage canal to serve approximately forty acres of land in the vicinity; that the city’s real purpose is to use the street for carrying large volumes of water, originating in adjoining subdivisions, and divert the water accumulating thereon from its natural source or drainage into and through Lam-bright street, thus rendering the street impassable, causing great loss, permanent and irreparable injury to the complainants and put a burden upon their property as subservient estates other and different from that imposed by the dedication of the street as a public highway.
 

 The city answered, denying the material allegations of the bill in so far as they relate to the purpose and effect of the city’s proposed plans for grading the street. It is averred that only a small portion of the street will be cut to the depth of thirty-six inches and a greater part of it will be cut to a depth of less than thirty-four inches and a much greater part still to a depth of only a few inches. The answer denies that when the street is graded it will become a drainage canal. It is averred that any water which may be cast upon the street will not be carried upon complainant’s property but on the other hand will be carried on the street to a natural drain and disposed of to the health and convenience of the property owners. The answer denies that the street when graded will be closed and rendered inaccessible for purposes of travel during rainy periods or that it would become a private nuisance as alleged, or that the grading will at any time make the street unfit for travel or that it will carry off other than surface water which may fall upon it or upon the adjacent or abutting lots. The answer avers that it is the city’s
 
 *1137
 
 purpose to exercise its power in the matter of grading and improving streets in a lawful manner with no intention to injure the property of complainants through malice, negligence or otherwise. The answer contained a demurrer to the bill for want of equity.
 

 Testimony was taken before the chancellor who, after considering the same and hearing argument of counsel, denied the relief prayed for and dismissed the bill. From that decree the complainants appealed.
 

 The decree was entered on July 2, 1928, and the appeal taken without a supersedas on November 16th following and made returnable on February 9, 1929. In the meantime and before an appeal was taken the' city finished grading the street, afterwards concluded to pave it' and did let a contract for that purpose and work was begun upon the contract. This appears in a motion to dismiss the cause.
 

 As the bill was for a restraining order and the act complained of as about to be committed has been performed and the street in addition thereto is being paved, it would seem that a reversal of the decree would not be effectual t'o secure the relief asked for by complainants, if such a decision of the cause were proper, and as the city has decided to pave the street and let contracts to that end the necessity for an injunction, if the cause merited it, would not be apparent. The paving of the street as a highway is in itself a refutation of the allegation that the city proposed to make of it a drainage canal. However, it is unnecessary to decide that the question is a moot one because upon the merits of the case as made by the bill and the evidence we are of the opinion that the Chancellor’s order was correct'.
 

 An abutting property owner has no constitutional right to enjoin the authorized alteration of the grade of the
 
 *1138
 
 street in such manner as to obstruct ingress to and egress from his lot. See Selden v. Jacksonville, 28 Fla. 558, 10 So. R. 457, 14 L. R. A. 370 n, 29 Am. St. R. 278. 52 Fla. 216.
 

 If any provision exists in law for compensation to the owner in such case the statutory method of collecting it must be strictly followed. See Dorman, v. Jacksonville, 13 Fla. 538, 7 Am. R. 253.
 

 But aside from these questions we are unable to say that the conclusions of fact arrived at by the chancellor are clearly erroneous. See Farrell v. Forest Inv. Co., 73 Fla. 191, 74 So. R. 216; Glass v. Craig, 83 Fla. 408, 91 So. R. 332; Fuller v. Fuller, 23 Fla. 236, 2 So. R. 426; Shad v. Smith, 74 Fla. 324, 76 So. R. 897; Rosenthal v. First Nat. Fire Ins. Co., 74 Fla. 324, 77 So. R. 92; Sandlin v. The Hunter Co., 70 Fla. 514, 70 So. R. 553.
 

 Our review of the evidence, however, leads us to the conclusion arrived at by the chancellor. We have discovered no error in the proceedings so the decree is affirmed.
 

 Terrell, C. J., and Brown, J., concur.
 

 Whitfield, P. J., and Strum and Buford, J. J., concur in the opinion and judgment.