ABRAHAM THOMAS, Administrator of the Estate of Harriett Johnson, deceased, JOSEPHINE SALLEY, FANNIE JOHNSON, LILLIE JENKINS, *et vir.,* v. LILLIAN THOMPSON, ARABELLA WALKER, individually and as Administratrix of the estate of Ed Thompson, deceased, *et vir.*

155 So. 321.
Opinion Filed April 11, 1934.
Petition for Rehearing Denied June 11, 1934.

*Rogers, Hazard & Thames,* for Appellants;
*Harry H. Martin,* for Appellees.

PER CURIAM.—The appeal is from final decree dismissing bill of complaint after issues were made up and testimony taken before the chancellor.

The bill of complaint sought to reestablish an alleged lost will.

The record shows that one Ed Thompson, during his life-time made and executed a will which he kept in his possession. Ed Thompson died and the will was not found in the place where it was known that Thompson had at one time or another kept the will, nor was it found anywhere else. A daughter of Thompson was duly appointed administratrix of the estate. Later this suit was filed and an alleged carbon copy of the will was introduced as a basis for the reestablishment of the alleged lost will.

It is the law recognized generally, and definitely recognized in this jurisdiction, that when a will had been made and executed and retained in possession of the testator, but which can not be found after the death of the testator, in the absence of evidence to the contrary, the will is presumed to have been destroyed by the testator with the intention to revoke the same. Schaefer, et al., v. Boyle, et al., 88 Fla. 170, 102 Sou. 7, and authorities there cited.

Therefore, it is not necessary to discuss this question further.

The presumption being that the will was destroyed by the testator with the intention of revoking the same, unless there is produced sufficient evidence to overcome this presumption, the next question, and in fact the only other question presented for our determination is whether or not the evidence taken before the chancellor as a whole was sufficient to overcome this presumption. The chancellor held in effect that the presumption had not been overcome by evidence to the contrary.

There is ample substantial evidence in the record to show that the alleged will was not amongst the effects of the testator at the time of his death. There is also ample substantial evidence to sustain the presumption above referred

to. There was considerable circumstantial evidence to rebut that presumption.

The law, however, is well settled in this jurisdiction that the findings of the chancellor on testimony taken before him will be given the same effect as the verdict of a jury, but, whether the testimony be taken before the chancellor or a master, the chancellor's conclusions solely on facts will not be reversed unless it clearly appears that he has erred in such conclusions. Fuller v. Fuller, 23 Fla. 236, 2 So. 426; Waterman v. Higgins, 28 Fla. 660, 10 So. 97; Dean v. Dean, 36 Fla. 492, 18 So. 592; West v. Daniels, 57 Fla. 548, 49 So. 154; Snowden v. Cunningham, 59 Fla. 604, 51 So. 543; Tatum v. Price-Williams, 59 Fla. 634, 52 So. 3; Marianna v. Daniel, 74 Fla. 103, 76 So. 692; Farrell v. Forest Investment Co., 73 Fla. 191, 74 So. 216; Seaboard Air Line Ry. v. Callan, 73 Fla. 688, 74 So. 799; Charles v. Appleton, 73 Fla. 362, 74 So. 414; Shad v. Smith, 74 Fla. 324, 76 So. 897; Guggenheimer v. Davidson, 74 Fla. 485, 77 So. 266; Simpson v. First Natl. Bank, 74 Fla. 539, 77 So. 204; Smith v. O'Brien, 75 Fla. 252, 78 So. '13; Kirkland v. Tampa, 75 Fla. 271, 78 So. 17; Mickens v. Mickens, 75 Fla. 391, 78 So. 287; Brickell v. Ft. Lauderdale, 75 Fla. 622, 78 So. 681; Davidson v. Collier, 75 Fla. 783, 78 So. 983; Boyd v. Gosser, 78 Fla. 64, 70, 82 So. 758; Whidden v. Rogers, 78 Fla. 93, 82 Sou. 611; Hill v. Beacham, 79 Fla. 430, 85 So. 147; Douglas v. Ogle, 80 Fla. 42, 85 So. 243. And Sirkin v. Schupler, 90 Fla. 68, 105 So. 151; Wang v. First Natl. Bank, 92 Fla. 974, 110 So. 527; Coogan v. Burley, 92 Fla. 899, 110 So. 529; Long v. Spahler, 92 Fla. 121, 109 So. 422; Stephenson v. National Bank of Winter Haven, 92 Fla. 347, 109 So. 424; Small v. Colonial Investment Co., 92 Fla. 503, 109 So. 433; Wimbish v. Douglass, 92 Fla. 224, 109 So. 306; Nelson v. Tropical Land Co., 93 Fla. 203, 111 So. 512;

Punta Gorda State Bank v. Wilder, 93 Fla. 301, 112 So. 569; Lightsey v. Washington Park Properties, Inc., 93 Fla. 531, 112 So. 555; Baker v. Baker, 94 Fla. 1001, 114 So. 661; Rundel v. Gordon, 92 Fla. 1110, 111 So. 386; Johns v. Seeley, 94 Fla. 851, 114 So. 452; Cramer v. Eichelberger, 96 Fla. 683, 118 So. 737; Sperry v. City of Tampa, 96 Fla. 567, 118 So. 816; Roland v. Mathews, 98 Fla. 695, 124 So. 34; Hoffman Construction Co. v. Ward, 97 Fla. 530, 121 So. 800; Shipley-Young Corp. v. Young, 97 Fla. 46, 119 So. 522; Troutman v. Couture, 98 Fla. 889, 124 So. 443; Gold v. City of Tampa, 100 Fla. 1134, 130 So. 914; City of Ocoee v. West, 102 Fla. 277, 130 So. 9; Fulton v. Clewiston, 100 Fla. 257, 129 Sou. 773; Stringfellow v. Adams, 99 Fla. 623, 127 So. 338; Jordan v. Jordan, 100 Fla. 1586, 132 So. 466; Meloche v. Meloche, 101 Fla. 659, 133 So. 339; Rogers v. Gerow-Calnan & Dann, Inc., 101 Fla. 1174, 132 So. 838; Heinisch v. Mills, 100 Fla. 1600, 132 So. 109."

For the reasons stated, the decree should be affirmed. It is so ordered.

Affirmed.

WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.

DAVIS, C. J., concurs specially.

DAVIS, C. J. (concurring).—This was a chancery case wherein the complainants below sought to establish as the true last will and testament of one Ed Thompson, deceased, a purported copy of a will shown to have been executed by deceased about two and a half years prior to his death, the contention of petitioners in the case being that the original will had been suppressed, lost or destroyed by those whose interest would be enhanced through the deceased's intestacy.

No point was raised as to the propriety of such a proceeding in a court of chancery, although in the case of

Brown v. Nugent, 68 Fla. 587 (decided by this Court without opinion in 1914) an exactly similar case was brought in the probate court in the first instance and thereafter decided by the circuit court on appeal. Ed Thompson, the alleged testator, died September 12, 1930, so the present case is not controlled by the 1933 Probate Act. See Section 2, Chapter 16103, Acts of 1933. Had Thompson died after October 1, 1933, Section 64 of said Chapter 16103, Acts of 1933, would undoubtedly be applicable, but whether that section would constitute an ouster of chancery jurisdiction otherwise obtaining, is a question that must be left to be decided in some future case requiring that point to be ruled on.

The bill of complaint in the present case set up the fact that after the death of Ed Thompson, the defendants took possession of certain of his properties and estate, which the bill alleged had been legally disposed of by an alleged lost, destroyed or suppressed will which conferred on complainants certain rights in the properties as estate which defendants were undertaking to seize and enjoy in derogation of the testator's alleged lost or destroyed will. Accordingly, the bill of complaint rested, in its primary sense, on the jurisdiction of the chancery court to ascertain and declare the fact that defendants were trustees *ex maleficio* of an estate that had been disposed of by will to parties having an adverse interest to that being asserted and enjoyed by defendants. And as incident to that relief, the bill prayed that the court ascertain and declare whether or not Thompson died testate or intestate, and if testate, that it ascertain and declare that the purported copy of his will was his true will, to be probated in lieu of the original which was alleged to have been lost or destroyed. So it appears clear that the present suit was properly founded in equity, although no point is raised by either party to this appeal on that score.

The court below, in a lengthy opinion giving his views and findings both as to law and fact in this case, expressly found that the evidence in this case does not show that the will sought to be established has been lost or destroyed by the defendants or any one else, and that while the deceased had undoubtedly made several wills during his lifetime, that the last declaration of the deceased prior to his death was to the effect that he did not have a will but that he wanted his property to go to his two daughters who would inherit it if he died intestate. I think the chancellor's findings are amply sustained by the evidence. I attach little importance to the so-called presumption of revocation as applied to this case, because I think it will be found upon analysis of the authorities that what is referred to as a presumption, is in reality not a true legal presumption but is only an inference of fact that is authorized (but not required) to be drawn, very much as the inference is authorized (but not required) to be drawn in law that a person found in possession of recently stolen property is the thief thereof. It must be shown by facts and circumstances that a will was actually fraudulently destroyed or otherwise lost or suppressed. This can be inferred from evidence but is not to be presumed from mere proof of opportunity to do wrong.

TERRELL, J., concurs.

## ON PETITION FOR REHEARING.

PER CURIAM.—This case is before us on petition for rehearing.

The motion for rehearing is not in accordance with the rules in that the motion is not only argumentative but includes what may be well considered a brief on the contentions made by the movants.

At the time the original opinion was filed in this case a

special concurring opinion was filed by Mr. Chief Justice DAVIS in which he said:

"I think the chancellor's findings are amply sustained by the evidence. I attach little importance to the so-called presumption of revocation as applied to this case, because I think it will be found upon analysis of the authorities that what is referred to as a presumption is in reality not a true legal presumption but is only an inference of fact that is authorized (but not required) to be drawn, very much as the inference is authorized (but not required) to be drawn in law that a person found in possession of recently stolen property is the thief thereof. It must be shown by facts and circumstances that a will was actually fraudulently destroyed or otherwise lost or suppressed. This can be inferred from evidence but is not to be presumed from mere proof of opportunity to do wrong."

We now concur in this statement and, so concurring, feel that no good purpose could be served by the granting of a rehearing. Therefore, rehearing is denied.

So ordered.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.