JAMES D. COBB, *Appellant,* v. IRMA L. COBB, *Appellee.*

Opinion Filed October 19, 1921.

1. Where in a chancery cause a demurrer to a bill is interposed but not formally disposed of, and the parties by agreement proceed to take testimony before a special master and afterwards submit the cause to the chancellor upon its merits, who renders a decree or makes a decretal order therein, the demurrer will be treated as having been overruled.

2. Under the provisions of Section 3197 Revised General Statutes of Florida, 1920, a married woman although not a resident of this State, may maintain a suit against her husband, a resident of this State, for maintenance or contribution, unconnected with cause of divorce.

3. In a suit by a married woman against her husband for maintenance or contribution under the provisions of Section 3197 Revised General Statutes of Florida, 1920, the court has power to require the husband to provide temporary alimony and suit money for his wife.

4.  The Chancellor's finding on the facts will be accorded the same weight as the verdict of a jury, and a decree solely on questions of fact will not be disturbed unless the evidence clearly shows that it was erroneous.

5.  In a suit by a married woman for maintenance and contribution, it is not necessary for the complainant to make such a case as would entitle her to divorce from her husband under the statutory provisions of the State in order to obtain the relief sought.

An Appeal from the Circuit Court for Okaloosa County; A. G. Campbell, Judge.

Decree affirmed.

*Walter Kehoe*, for Appellant;

*S. K. Gillis*, for Appellee.

ELLIS, J.—The appellee, Irma L. Cobb began suit in the Circuit Court for Okaloosa County against her husband, James D. Cobb for alimony unconnected with cause of divorce under Sec. 3197 R. G. S. of 1920; Sec. 1934 Fla. Comp. Laws, 1914.

The defendant interposed a demurrer to the bill which seems not to have been disposed of and the defendant filed an answer denying that the complainant's living apart from him was through his fault and denying that he failed to contribute to the maintenance of his wife. Testimony was taken by a Special Master and the court on final hearing rendered a decree against the defendant requiring him to pay to the complainant or her solicitor the sum of $15.00, as suit money, $50.00 as temporary counsel fees, half the said sums to be paid on June 1 and the other half

on July 1, 1921, and that he pay the sum of $8.00 per week as temporary alimony during the pendency of the suit, the first payment to be made on Monday the 23d of May and on Monday of each week thereafter. The Chancellor also decreed that in the event it should be shown by the testimony of reputable physicians that it is necessary for the complainant to have a change of climate on account of her health that the court will consider the same and make such further order as may be shown to be warranted by the testimony touching the expenses of such a change. From this interlocutory order the defendant appealed. Although, the demurrer to the bill was not disposed of by the Chancellor in specific terms, yet by stipulation of counsel it was agreed that the Special Master should take the testimony and the cause went to a final hearing without objection. The decree of the Chancellor in effect overruled the demurrer because he decided the cause upon its merits thereby deeming the bill to be sufficient. At all events, we think that the demurrer should have been overruled and that the Chancellor was correct in deciding the cause upon its merits.

The contention that the plaintiff could not maintain the bill being a citizen or a resident of another State is not well founded. See Shrader v. Shrader, 36 Fla. 502, 18 So. 672; Miller v. Miller, 33 Fla. 453, 15 So. 222; Warren v. Warren, 73 Fla. 764, 75 So. 35. In a proceeding of this character where the marriage relation is established, the Court has power to require the husband to provide temporary alimony and suit money for his wife. See Wood v. Wood, 56 Fla. 882, 47 So. 560; Tippin v. Tippin, 60 Fla. 378, 53 So. 838.

Upon the question of the sufficiency of the evidence to support the allegations of the bill the rule is that the Chan-

10—Vol. 82

cellor's finding on the facts will be accorded the same weight as the verdict of a jury and a decree solely on questions of fact will not be disturbed unless the evidence clearly shows that it was erroneous. See Waterman v. Higgins, 28 Fla. 660, 10 So. 97; Dean v. Dean, 36 Fla. 492, 18 So. 592; McGill v. Chappelle, 71 Fla. 479, 71 So. 836; City of Marianna v. Daniel, 74 Fla. 103, 76 So. 692; Simpson v. First Natl. Bank of Pensacola, 74 Fla. 539, 77 So. 204; Mickens v. Mickens, 75 Fla. 391, 78 So. 287.

While the evidence in this case may not be sufficient to sustain a suit for divorce upon the grounds either of extreme cruelty or desertion yet, it is quite sufficient to sustain the allegations of the bill that the defendant's treatment of the complaint was of such character that living with him under the circumstances alleged was precarious both to her peace of mind and health and that her living apart from him was not due to her fault. In this conclusion we think the Chancellor was justified by the evidence and to such situations the section of our statute referred to above is applicable. No error having been made to appear in the record the decree of the Chancellor is affirmed.

BROWNE, C. J., TAYLOR, WHITFIELD AND WEST, J. J., concur.