SMITH, D. C., Associate Judge.
The plaintiff, Lowell King", appellee here, filed a suit for divorce against the defendant, Walter H. King, one of the appellants here, on the grounds of desertion and extreme cruelty. The plaintiff also sought a decree determining certain real property, title to which is in the name of the defendant’s mother (the other defendant and appellant here), to be held in trust for the husband and wife, alleging in effect that the defendant had owned the property prior to his marriage to the plaintiff, but had executed a deed of conveyance thereof to his mother after the marriage, fraudulently antedating the same to a date prior to the marriage ; that the plaintiff had acquired an interest in said property because she pooled her income with the defendant during the time they lived together as husband and wife to make the payments on the purchase money mortgage as they accrued thereon; that the defendant promised the plaintiff that upon their marriage he would erect a home on said property to be occupied by the plaintiff and the defendant.
The defendant denied the allegations of the complaint; pleaded condonation; and alleged that the real property involved belonged to his mother, was purchased with her money, but that title had been held in his name until shortly before his marriage to the plaintiff for the purposes of management, clearing, sale of timber and development of raw land, since he was the only unmarried son, and was living with his mother on the property, his mother being ill, aged and infirm.
The case was tried before the court. The parties testified at length, as did numerous witnesses produced by the parties. The testimony alone consists of 550 pages. The record on appeal consists of 940 pages. The record discloses that between the filing of the complaint and the entry of the final decree, a period of approximately fourteen months, depositions and interrogatories were taken and propounded and at least eight interlocutory orders entered, two of them adjudging the defendant to be in contempt. The entire record discloses a strenuously litigated suit from beginning to end. On almost every phase of the evidence, there are conflicts and inconsistencies. On final hearing, the plaintiff amended her complaint, deleting the charge of desertion.
The chancellor found that the defendant’s testimony is evasive; that it is clear that the plaintiff and the defendant were seeking to acquire title and ownership of the land in question jointly as husband and wife; that at the time said lands were conveyed by the defendant to his mother, the plaintiff and defendant were under agreement to be married and were lawfully married during the same month; that the plaintiff and the defendant, for all purposes, treated the property as partnership property or as an estate by the entirety and that this is supported by the conduct and course of dealing by the plaintiff and the defendant as shown by the evidence. That the money which constituted the purchase price of the property was money earned, saved and accumulated by the plaintiff and the defendant; that the evidence shows that the defendant conveyed title to the property to his dependent and aged mother without the knowledge and consent of the plaintiff. Further, that the evidence shows that after the marriage of the plaintiff and the defendant, they both furnished labor, money and materials in the construction of fencing and improving the property; that the defendant repeatedly promised the plaintiff to build their home on the property; that the defendant insisted that plaintiff continue her employment until such time as they had completed paying off the mortgage on the property; that the court has not overlooked the denial of the defendant and his dependent mother of any interest of the plaintiff in the land, but the defendant’s testimony is vague and evasive and the facts established do not support their contention; that the land was purchased by the plaintiff and the defendant with joint funds and for their use and own *261 ership, and that the plaintiff has a one-half interest in said land and is entitled to have her interest conveyed to her; further that the plaintiff has established grounds for divorce and is entitled to an absolute divorce from the defendant. The chancellor then proceeded to decree a one-half interest in the property involved to the plaintiff and award an attorney’s fee to the plaintiff’s attorney, but failed to grant a divorce to the principal parties. On oral argument on appeal, counsel for all parties to the appeal stated that the failure to include the granting of a divorce in the decretal portion of the final decree was strictly an oversight.
 The evidence is conflicting. There is evidence to support the chancellor’s findings. Error has not been made to appear. The rule is that the chancellor’s findings on the facts will be accorded the same weight as the verdict of the jury, and a decree solely on questions of fact will not be disturbed unless the evidence clearly shows that it was erroneous. Cobb v. Cobb, 82 Fla. 287, 89 So. 869.
The record discloses that the property involved has a substantial value ranging from $19,250 to $55,000 or more, and that much time, labor and skill have been required of plaintiff’s attorney in the handling of this suit. The record does not disclose, however, that the husband has any assets and income other than his interest in the land in question and $330 per month from his employment. We agree with the chancellor that the sum allowed for plaintiff’s attorney is a reasonable fee to be received by the plaintiff’s attorney for his services herein.
Pursuant to Rule 1.38 of the 1954 Rules of Civil Procedure, 30 F.S.A., the chancellor is directed to correct the final decree by appropriately including therein the granting of a divorce to the plaintiff from the defendant, Walter H. King.
Accordingly, the decree appealed from is affirmed.
KANNER, C. J., and ALLEN, J., concur.