111 So.2d 33 (1959)
Walter H. KING; and Roscoe W. King, as administrator of the estate of Lizzie Mae King, deceased, Petitioners,
v.
Lowell KING, Respondent.
Supreme Court of Florida.
March 18, 1959.
Rehearing Denied May 5, 1959.
Peyton T. Jordan, Jr., of Jordan & Jordan, Tampa, for petitioners.
Raymond Sheldon, Tampa, for respondent.
O'CONNELL, Justice.
This proceeding is before us on writ of certiorari to the District Court of Appeal, Second District. Petitioners are Walter H. King, divorced husband of the respondent, and Roscoe W. King, the administrator of the estate of Walter King's deceased mother, Lizzie Mae King. The respondent is Lowell King who instituted the proceedings in the trial court in which she sought a decree of divorce and a decree holding that her husband's mother held certain real property in trust for her and her husband.
A final decree was entered by the chancellor finding that the plaintiff wife was entitled to the divorce and that the property involved was held in trust by the defendant mother, Lizzie Mae King, for the husband and wife. The chancellor ordered the mother, since deceased, to convey to the plaintiff wife an undivided one-half interest to such property.
An appeal was taken to the district court of appeal by the defendant husband and the administrator of the estate of his deceased mother. The district court affirmed the chancellor's decree. King v. King, Fla. App. 1958, 107 So.2d 259. The appellants therein then petitioned this Court for a writ of certiorari to the district court and and we entered our order granting such petition. Oral argument was held therein and the cause is now before us for determination.
*34 Petitioners maintain that the opinion of the district court of appeal is in direct conflict with one of this Court, Davis v. Davis, Fla. 1957, 98 So.2d 777, 780. In that case the chancellor held that an implied trust existed. This court reversed the chancelior saying that the proof "does not partake of the clear and convincing character required to authorize the chancellor to set aside the transaction or raise the trust mentioned in the final decree."
The parties do not dispute that in order to establish an implied trust the evidence before the chancellor must be of clear and convincing character. Petitioners argue that the effect of the opinion under review is that where the case is a close one and the evidence conflicting, the finding of an implied trust by the chancellor will be affirmed if the appellate court can find evidence to support the chancellor's findings.
The words in the opinion of the district court which give good cause to petitioners' contention are found in 107 So.2d on pages 260-261:
"* * * The entire record discloses a strenuously litigated suit from beginning to end. On almost every phase of the evidence, there are conflicts and inconsistencies. * * *
* * * * * *
"The evidence is conflicting. There is evidence to support the chancellor's findings. Error has not been made to appear. The rule is that the chancellor's findings on the facts will be accorded the same weight as the verdict of the jury, and a decree solely on questions of fact will not be disturbed unless the evidence clearly shows that it was erroneous. Cobb v. Cobb, 82 Fla. 287, 89 So. 869 [this opinion does not involve a resulting trust]." (Emphasis added.)
The rule of law applicable to the character of evidence required in cases such as this was correctly stated in Davis v. Davis, supra, and is incorrectly stated in the above quoted portion of the opinion of the district court of appeal. The latter opinion being in conflict with the former must be quashed.
On this review by certiorari we have before us only the briefs of the parties and a transcript of record of 60 pages. The district court of appeal has the entire record on appeal consisting of some 940 pages. It is in better position than we to determine from the whole of the record whether the evidence before the chancellor was of the clear and convincing character required under the rule of the Davis case.
Accordingly, as we did in Van Fleet v. Lindgren, Fla. 1958, 107 So.2d 381, the opinion of the district court of appeal is quashed and the cause remanded to that court for further consideration consistent with the views herein expressed.
It is so ordered.
TERRELL, C.J., and THOMAS, ROBERTS and THORNAL, JJ., concur.