SMITH, D. C., Associate Judge.
This was a suit brought by Lowell King, wife, against Walter H. King, husband, and Lizzie Mae King, his mother, for a divorce and to impress a trust upon certain real property held by the mother in favor of the appellee and her husband. The mother is now deceased and the administrator of her estate has been substituted.
The chancellor set forth detailed findings in the final decree (see King v. King, infra) and determined that the plaintiff has established grounds for divorce and is entitled to an absolute divorce from the defendant, and that the plaintiff has a one-half interest in the land involved and is entitled to have her interest conveyed to her, and then proceeded to decree a one-half interest in the property involved to the plaintiff and awarded an attorney’s fee to the plaintiff, but failed to decree a divorce. On oral argument before this Court, counsel for all parties stated that the failure to include the granting of a divorce in the de-cretal portion of the final decree was strictly an oversight.
This is the second appearance of this case in this Court. See King v. King, Fla.App.1958, 107 So.2d 259. Our opinion therein set forth has been quashed by order of the Supreme Court filed March 18, 1959, Fla., 111 So.2d 33, and the cause remanded for further consideration consistent with the views therein expressed.
As observed in our former opinion, the record discloses a strenuously litigated suit from beginning to end. On almost every phase of the evidence, there are conflicts and inconsistencies. However, the chancellor found that the defendants’ testimony is vague and evasive and the facts established do not support their contention. We agree with this finding. It appears from the record that both the defendants, Walter H. King and Lizzie Mae King, and their testimony were thoroughly impeached and discredited by clear and convincing evidence, and without their testimony there is in effect nothing left to support their defense.
Although the evidence is conflicting, the case presented is not a close one due to the impeachment of the defendants. By clear and convincing evidence, the record shows that after the parties were under agreement to be married the land involved was conveyed by the husband to his mother on June 15, 1951, without consideration and without the knowledge or consent of the intended wife. That the parties were married on June 29, 1951, and the husband, Walter H. King, retained the use of the property and insisted that the plaintiff wife continue her employment until such time as they had completed paying off the mortgage on the land. That the property was paid for, if not entirely, clearly to a large degree, with money earned, saved and accumulated by the husband and wife. That from the beginning of the contemplated marriage and continuing throughout the time the parties lived together, the husband repeatedly promised the plaintiff to build their home on the land. The evidence supporting the trust decreed by the chancellor is of a clear and convincing character and meets the requirements set forth in Davis v. Davis, Fla., 1957, 98 So.2d 777.
The sum allowed for plaintiff’s attorney is a reasonable fee to be received by him for his services herein.
*244 Pursuant to Rule 1.38 of the 1954 Rules of Civil Procedure, 30 F.S.A., the trial court is directed to correct the final decree by appropriately including therein a provision granting a divorce to the plaintiff.
And, upon such being done, the decree appealed from is affirmed.
KANNER, C. J., and ALLEN, J., concur.