117 So.2d 26 (1959)
Martha J. PERGAMENT, Appellant,
v.
Bessie M. PERGAMENT et al., Appellee.
No. 1310.
District Court of Appeal of Florida. Second District.
December 16, 1959.
Rehearing Denied January 18, 1960.
*27 Hal H. McCaghren, West Palm Beach, for appellant.
Madison F. Pacetti, Caldwell, Pacetti, Robinson & Foster, West Palm Beach, for appellees.
ALLEN, Chief Judge.
The appellant was the plaintiff and the appellees were the defendants in the lower court.
The plaintiff filed a complaint for a declaratory decree against the defendants jointly and severally seeking an adjudication of the rights of the parties in and to the defendant corporation, its stock, assets, and the real property of the defendant corporation. The plaintiff also sought compensation for services rendered to the corporation; a determination of her right to occupy the manager's apartment in the defendant corporation's motel; whether the corporate veil should be pierced and the stock holders be declared tenants in common; and an accounting of the corporate funds.
Arnold Pergament, estranged husband of plaintiff, filed an answer denying the allegations of the complaint.
Bessie M. Pergament and Charles S. Pergament, parents of Arnold Pergament, and the defendant corporation denied the allegations of the complaint and filed a counterclaim seeking possession of the manager's apartment occupied by plaintiff and damage for its use and occupancy.
Plaintiff then filed an answer denying the allegations of the counterclaim.
*28 After testimony was taken, the lower court entered an order dismissing plaintiff's complaint with prejudice; ordered plaintiff to vacate the apartment in defendant's motel; and ordered plaintiff to pay $1,100 to the corporate defendant for the use of the apartment. After denial of plaintiff's motion for rehearing, this appeal was taken.
In the fall of 1952 Arnold Pergament and his cousin, Jerome Pergament, contracted to purchase in their individual names a motel known as the Southlands, located in West Palm Beach. Thereafter the Southlands Motor Lodge Corporation was formed and title to the motel was taken in the corporate name. The original stock issue was as follows: 34 shares to Arnold Pergament; 1 share to Martha Pergament, his wife; 34 shares to Jerome Pergament; and 1 share to Shirley Pergament, his wife.
Arnold Pergament experienced financial difficulty in 1954 and it became necessary to borrow $2,500 from one Feldman. Arnold and his wife pledged their 35 shares as security for the loan. When the first installment came due, Martha borrowed $1,500 from her mother, Mrs. Ford, to pay it and in return Arnold assigned to his wife, Martha, all his right and title to the 35 shares on January 15, 1955. Later in 1955, Bessie Pergament, Arnold's mother, apparently paid Martha's mother the $1,500 loan and in return Martha assigned her 35 shares to Bessie.
On April 24, 1957, Bessie Pergament purchased Jerome Pergament's 34 shares and Charles Pergament, the husband of Bessie Pergament, purchased Shirley Pergament's one share. Thereafter, on February 14, 1959, Bessie Pergament had Arnold Pergament's 34 share certificate, which had already been assigned to her, transferred on the corporate books to her. Thus, as of this time, Bessie owned 69 shares and her husband, Charles, owned the remaining share of the defendant corporation's stock.
The appellant alleges that Arnold's parents, Bessie and Charles, as owners of the defendant corporation permitted Arnold to misappropriate the corporate funds labeling such misappropriations as loans to Arnold. The record does not seem to support this contention.
The trial judge personally heard the evidence in this case and found in favor of the defendants below, appellees here, on the disputed testimony before him.
The lower court, in his final decree, said:
"There are two issues to be decided by the court: (1) The interests of the plaintiff, if any, in the defendant Southlands Motor Lodge Corp., a Florida Corporation, or the property owned by said corporation and described as Lots 301 to 308 inclusive, Woodlawn, a subdivision of the City of West Palm Beach, Florida, as recorded in the public records of Palm Beach County, Florida, in Plat Book 10, page 41; and (2) the right of plaintiff to occupy and possess the Manager's apartment situated on said property, which is a motel located at 7001 South Dixie, West Palm Beach, Florida.
"The plaintiff has failed to prove the allegations of her complaint as amended; has failed to present evidence showing that she has an interest in the Southland Motor Lodge Corp. beyond that represented by one share of stock out of 70 outstanding shares; or that she has an interest in the property owned by said Corporation other than as represented by the aforesaid share of stock; or that she has the right to occupy and possess the Manager's apartment situated on said property, which she presently occupies. The defendant, Southlands Motor Lodge Corp., is entitled to possession of the Manager's apartment and a reasonable rent for the use thereof by the plaintiff from April 17, 1958, ten days *29 after the date on which she was notified to vacate the same, and the court finds that one hundred dollars ($100.00) per month is a reasonable value for her use and occupancy of said apartment. Plaintiff has continued to occupy said apartment since the date she was notified to vacate the same, as aforesaid. The equities of this cause are with the defendants, * * *"
The basic question between the appellant and appellees was what was the intent of an assignment of certain shares of stock from the appellee, Arnold Pergament, to his wife, the appellant, Martha J. Pergament, and which stock was later given to Bessie M. Pergament, the mother of Arnold Pergament, when Bessie M. Pergament paid Mrs. Ford, the mother of Martha J. Pergament, the amount of the loan.
The appellant contends that the stock was given to her while the appellees contend that the stock was placed with her as security for her mother's loan as above mentioned.
We stated above that the testimony was heard personally by the trial judge. An appellate court does not retry a case but accepts a determination of facts made by the trial judge where the record discloses testimony from which the trial judge could have determined the facts, which was done in this case. The truth or falsity of the testimony of various witnesses, the effect thereof, and the weight to be given the testimony of each witness are matters for the trier of facts to determine and not an appellate court.
This court stated in the case of Mattison v. State ex rel. Lowe, Fla.App. 1958, 107 So.2d 747, 749:
"We feel that it is patent, upon reading the above quoted point, that appellants are simply questioning the weight to be given the testimony of the involved witness. This, of course, is for the trier of fact to determine, not an appellate court. 2 Fla.Jur., Appeals § 347. See also, Marsh v. Marsh, Fla.App. 1958, 105 So.2d 507."
In the recent case of King v. King, Fla. App. 1958, 107 So.2d 259, 261, this court said:
"The evidence is conflicting. There is evidence to support the chancellor's findings. Error has not been made to appear. The rule is that the chancellor's findings on the facts will be accorded the same weight as the verdict of the jury, and a decree solely on questions of fact will not be disturbed unless the evidence clearly shows that it was erroneous. Cobb v. Cobb, 82 Fla. 287, 89 So. 869."
See also Tyler v. Tyler, Fla.App. 1959, 108 So.2d 312.
We conclude that the lower court had sufficient evidence before him to determine the questions adverse to the plaintiff below, appellant here.
Affirmed.
SHANNON, J., and SPOTO, I.C., Associate Judge, concur.