HAVERFIELD, Judge.
This is an appeal by the defendant husband, Edward C. Genter, from a final judgment of dissolution of marriage which found that the plaintiff wife, Janet L. Genter, was a joint owner with the husband in the marital home. Prior to the marriage the parties herein borrowed $3,200 from plaintiff wife’s grandmother to be used as a downpayment on the marital home which was purchased in the husband’s name. It was the wife’s understanding that although title was placed in the name of the husband, she would have an interest in the home. Throughout the three years of the marriage, plaintiff wife often worked in her husband’s business without pay and the parties made improvements on the marital home, which presently has a fair market value of $22,000. Following a hearing in the Circuit Court in and for Dade County, the judge found that the wife had a special equity in the marital home and this appeal followed.
 The court below properly imposed a constructive trust in the marital home. It is a general rule that a constructive trust arises where an abuse of confidence renders the acquisition and/or retention of property or proceeds by one party unconscionable by the other party. See Firestone v. Firestone, Fla.1972, 263 So.2d 223; Wilkins v. Wilkins, 144 Fla. 590, 198 So. 335 (1940); Quinn v. Phipps, 93 Fla. 805, 113 So. 419 (1927). In the case sub judice the wife was responsible for obtaining the money with which the marital home was purchased, and it was her intention that the home was to be held in both her name and her husband’s name. The husband, however, took title in his individual name. We see no reason to differ with the trial judge who found that the husband took the legal title as a trustee for the benefit of his wife and himself. Firestone v. Firestone, supra; Picchi v. Picchi, Fla.1958, 100 So.2d 627; Hegel v. Hegel, Fla.App.1971, 248 So.3d 212; King v. King, Fla.App.1959, 113 So.2d 242. In view of the above no error was committed in rewarding special equity to the wife. Engebretsen v. Engebretsen, Fla.1942, 151 Fla. 372, 11 So.2d 322; Lee v. Lee, Fla.App. 1972, 262 So.2d 6; Wollman v. Wollman, Fla.App.1970, 235 So.2d 315. In the instant case plaintiff wife met her burden of proof and the deci.sion of the trial judge must be affirmed.
Affirmed.