ROSANNA SMALL, JOSEPH N. SMALL AND D. H. DOIG, *Appellants*, v. COLONIAL INVESTMENT COMPANY, A CORPORATION, *Appellee*.

## En Banc.

1. An attorney acting within the scope of his authority, represents his client, and his acts of omission as well as commis-

sion, are to be regarded as the acts of the person he represents, and therefore his neglect is equivalent to the neglect of the client himself.

2. Where the question is one involving the exercise of judicial discretion, this court will not disturb a decree of the Chancellor except in the interest of justice and to serve some useful purpose.

3. A judgment may be affirmed on appeal, although it is infected with error, if it is apparent that a reversal would prove ineffectual and of no benefit to the party asking it, as where the court can see that the same result would inevitably be reached a second time.

4. Notwithstanding an irregularity in the proceedings in the lower court, the judgment may be affirmed where, by reason of the happening of subsequent events no real controversy any longer exists between the parties.

5. The general rule is that the decision of the court below is presumed to be correct, unless the contrary appears. and an appellate court will not reverse or disturb a judgment of the court below unless there be something in the record to show that the court has committed an error in some material point by which injustice and wrong has been done to the party appealing.

Affirmed.

*Andrews & Mahon,* for Appellants.

*S. E. Foster,* for Appellee.

LONG, Circuit Judge.—On the 18th day of May, 1923, Appellee, Complainant in the lower court, filed its bill in the Circuit Court of Duval County, Florida, against Appellants, defendants in the court below, seeking to foreclose a mortgage assigned to it by the defendant, D. H.

Doig.   A Decree Pro Confesso was entered against the defendant Doig, and the defendants Rosanna Small and Joseph N. Small, through attorneys, McGill & McGill, filed their appearance, and on the 2nd day of July, 1923, filed an answer.   That upon the filing of the Master's Report, with his findings, the Circuit Court on the 4th day of August, 1923, entered a Final Decree, under which the property described in the mortgage was sold by the Master, and a report of such sale made to the Court and filed September 5, 1923, upon which date an Order was made confirming the sale.   That on the 4th day of October, 1923, Appellants Rosanna Small and Joseph N. Small, by their Attorney, Andrews and Mahon, filed a petition to vacate the Final Decree, order of Reference, Order Confirming sale and order approving Master's Report and Judgment for Deficiency, to which petition an answer was filed, and thereafter a Master was appointed to take testimony upon the issues presented by the motion and the answer, whose report was filed on December 11, 1923, and exceptions filed thereto on the 8th day of January, 1924.   That an application was made to the court on October 10, 1923, for a Writ of Assistance, rule to show cause issued, and on November 13, 1923, an Order was made extending the time for taking testimony.   On the 3rd of May, 1924, the Chancellor entered an order overruling the exceptions to the Master's Report, denying the petition of the defendant filed in October 4, 1923, and directing the issuance of the Writ of Assistance.   From this Order Defendants Rosanna Small and Joseph N. Small, appealed.

There are seventeen assignments of error, a number of which are abandoned in the Brief of Appellants.   The assignments argued attack the irregularity of the proceedings and are based upon the ground that the testimony fails to show that the defendant, Rosanna Small, owner of

the property, had notice or due notice of the time and place of the hearing before the Special Master at the time the testimony was taken upon the bill and answer, to-wit: July 30, 1923.

The bill alleges that the mortgage foreclosed and the notes secured thereby were executed by the defendants, Rosanna Small and Joseph N. Small, mortgagors, to Louis H. Hill, mortgagee, March 27, 1917. The notes, twelve in number, payable each ninety days, the last to become due thirty-six months from date. That on the 12th of April, 1917, the mortgagee, Louis H. Hill, executed to the defendant, D. H. Doig, an assignment of this mortgage and of the notes secured thereby, who, on the 14th of May, 1917, assigned same to the Appellee herein.

The answer to the petition to vacate the Final Decree and orders made subsequent thereto alleges that a bill to foreclose this mortgage was filed December 16, 1918; that at the request of the mortgagors and their promise to make certain payments and that they might have an opportunity to find some one to purchase the property and relieve them of the indebtedness, the suit to foreclose was not proceeded with, and said suit did not proceed to final hearing, but was dismissed.

The answer filed by the defendants to the bill alleges payment, but there is no contention on the part of appellants before the court that the notes secured by the mortgage were paid, in fact no testimony was offered to prove this allegation of the answer. There is an allegation in the Petition to vacate the decree claiming a credit of $86.00, which mortgagee admits and offers to credit same on the Deficiency Decree. There is no contention on the part of Appellants that the firm of attorneys, McGill & McGill, were not representing both defendants when they filed an Appearance in this cause, and the testimony sufficiently

establishes the fact that the answer was filed at the request of the defendant, Joseph M. Small, acting for himself and his mother, Rosanna Small. The contention of Appellants that the suit was not proceeding ex parte is in effect an admission that the attorneys filing appearance and answer were, as such, representing these appellants. The witness McGill testified that he received notice from the Master of the time and place of taking testimony and that he delivered this notice to Joseph N. Small. Whether he did deliver the notice or whether he was present at the taking of testimony is immaterial. There can be no question, under the evidence, but what he was the attorney for these Appellants, acting within the scope of his authority, and his acts of omission as well as commission are to be regarded as the acts of the person he represents.

"It is the general rule that an attorney acting within the scope of his authority represents his client and his acts of omission as well as commission are to be regarded as the acts of the person he represents, and therefore his neglect is equivalent to the neglect of the client himself." 2 R. C. L., page 965, and cases there cited.

It is difficult to perceive what advantage would enure to the Appellants, what useful purpose served, by a reversal of the decree of the Chancellor in this case.

The appellant, Rosanna Small, testifies to the existence of the mortgage and to the indebtedness. The answer alleges payment, and the testimony of Joseph N. Small is, in effect, that he employed counsel to obtain the money to pay off the mortgage and that the answer was filed merely to hold the matter in abeyance until the money could be obtained. There is a suggestion in the Brief of Counsel that the sums paid for taxes and insurance were excessive and that a portion of these amounts should have been applied to

the mortgage notes, but no testimony was offered in support of this contention. There is no fraud charged, no contention that the sale was not fairly conducted or that the property did not bring a fair price. When the question is one involving the exercise of discretion of the lower Court, as in this case, this Court will not disturb a Decree except in the interest of justice and to serve some useful purpose.

"The grounds on which a decree may be modified, opened or vacated on motion or petition depend, first, on the status of the cause, with reference to whether enrollment or its equivalent has taken place. Otherwise, the application is addressed to the discretion of the Court. In the exercise of this discretion the court will not disturb a decree except in the interest of justice and to serve some useful purpose."

21 Corpus Juris, page 715.

"A judgment may be affirmed on appeal, although it is infected with error, if it is apparent that a reversal would prove ineffectual and of no benefit to the party asking it."

4 Corpus Juris, page 1134.

"Notwithstanding an irregularity in the proceedings in the lower Court, the judgment may be affirmed where, by reason of the happening of subsequent events, no real controversy any longer exists between the parties."

A new trial would be of no advantage to Appellants or Plaintiffs in Error.

4 Corpus Juris, page 1135.

In Dibble v. Truluck, this court said: "The general rule is that the decision of the court below is presumed to be correct, unless the contrary appears, and an appellate court will not reverse or disturb a judgment of the court below unless there be something in the record to show that the court has committed an error in some material point by

which justice and wrong has been done to the party appealing.

Dibble v. Truluck, II Fla., p. 140.

Cause affirmed, with direction that the Deficiency Decree be credited with the sum of $86.00.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the decree of the Circuit Court in this cause should be, and the same is hereby, affirmed.

BROWN, C. J., AND WHITFIELD, ELLIS, TERRELL, STRUM AND BUFORD, J. J., concur.