FLORIDA NARCISSUS FARM, INC., PRUDENTIAL MORTGAGE COMPANY and J. I. TRIPLETT, JR., v. B. F. CARTER.

197 So. 387
Division A
Opinion Filed July 12, 1940
Rehearing Denied July 26, 1940

*Marion B. Jennings,* for Petitioners;

*H. L. Anderson* and *H. T. Rogers,* for Respondent.

PER CURIAM.—We have before us on petition for certiorari to review interlocutory order as follows:

"The above entitled cause came on to be heard upon the several motions of defendants, Prudential Mortgage Company and Florida Narcissus Farm, Inc., a corporation, each filed April 12, 1940, seeking an order of this Court declaring the cause at issue on the bill.and answer and appointing a special master therein and for the entry of default against the plaintiff in favor of the defendant upon the counterclaim of the said moving defendants, severally, and to refer the cause with respect to the counterclaim of the defendants to a special master to take the testimony of the said defendants upon their respective claims of damages, and the said motions having been argued and submitted by counsel for the respective parties and considered by the

Court, and it appearing to the Court that said motions each severally should be denied in their entirety, it is, therefore, ordered, adjudged and decreed that each of the aforesaid motions of the defendants, Prudential Mortgage Company, a corporation, and Florida Narcissus Farm, Inc., a corporation, severally, filed April 12, 1940, be and the same is hereby denied."

The record shows that at the time the challenged order was made there was then pending before the Court undisposed of motion to dismiss the counterclaim and to strike portions of the answer.

Sections 39 and 41 of the 1931 Chancery Practice Act are:

"Section 39. When Cause Deemed at Issue.—At the expiration of ten days from the filing of the answer, if there be no counterclaim, or, if there shall be a counterclaim, then at the expiration of ten days from the filing of the reply thereto, the cause shall be deemed at issue. If, however, within such period of ten days a motion is filed to strike the whole of the answer or reply or to dismiss the counterclaim, or if the cause is set down for rehearing on bill and answer, the cause shall not be deemed at issue until the points of law so presented shall have been ruled upon by the court."

"Section 41. Testing Sufficiency of Affirmative Defense; Exceptions for Insufficiency Abolished.—Exceptions for insufficiency of an answer are abolished. But if an answer asserts a counterclaim and prays affirmative relief any cross-defendant may, upon due notice, test the sufficiency of the same by motion to dismiss the counterclaim. If found insufficient but amendable the court may allow an amendment upon terms, or dismiss the counterclaim."

We observe no abuse of judicial discretion reflected in the challenged order and, therefore, certiorari is denied.

So ordered.

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.