HOWARD C. MILLER, *et ux.;* BYRON E. BRYAN, a Single Man; L. S. WEBSTER, a Single Person; and F. C. Mc-KENZIE, *et ux.,* v. SECURITY-PEOPLES TRUST COMPANY.

198 So. 73

Division B

Opinion Filed October 11, 1940

*Van C. Swearingen,* for Petitioner;

*William A. Lane* and *E. S. Quick,* for Respondent.

PER CURIAM.—On Petition for writ of certiorari filed in this Court it is contended that an order dated November 28, 1939, entered by the Circuit Court of Dade County, Florida, overruling and denying the motion of the petitioner here to dismiss the cross bill of cross plaintiff Lois Webster, also known as L. S. Webster, was erroneous. The transcript of the record attached to and made a part of the petition fails to contain the cross bill of cross complainant Lois Webster, also known as L. S. Webster, or the motion to dismiss the same as purported to have been filed by Howard C. Miller, *et al.* In this state of the record it is impossible for this Court to consider or review the order assigned as error when the transcript in this appeal and other transcripts on file in this Court on previous appeals do not contain or present the pleadings on which the alleged erroneous order is based. There is a presumption in law and equity as to the correctness of the ruling of the lower court and the burden rests on the party coming to this Court to make the error complained of fully to appear. See Small v. Colonial Inv. Co., 92 Fla. 503, 109 So. 433; White v. Crandall, 105 Fla. 70, 143 So. 871.

It is next contended that the lower court erred in its order dated June 13, 1940, overruling and denying petitioner's motion for a final decree on bill and answer. We have carefully considered grounds one to six, inclusive, of the motion, as well as the several grounds in opposition thereto. The transcript shows that on January 3, 1938, Howard C. Miller filed his motion to dismiss the cross bill of cross complainant Lois Webster, also known as L. S. Webster, and this motion to dismiss was not ruled upon until November

28, 1939, and in the same order Howard C. Miller was required to file an answer to the cross bill of L. S. Webster on the rule day in January, 1940, but filed the same on December 29, 1939, and on February 1, 1940, set the cause down for hearing on bill and answer; and on March 28, 1940, filed a motion for a final decree, which was denied in an order dated June 13, 1940.

Section 39 of the Chancery Act settles the time when a cause is deemed at issue, and is, viz.:

"Section 39. When Cause Deemed at Issue.—At the expiration of ten days from the filing of the answer, if there be no counterclaim, or, if there shall be a counterclaim, then at the expiration of ten days from the filing of the reply thereto, the cause shall be deemed at issue. If, however, within such period of ten days a motion is filed to strike the whole of the answer or reply or to dismiss the counterclaim, or if the cause is set down for hearing on bill and answer, the cause shall not be deemed at issue until the points of law so presented shall have been ruled upon by the court."

Section 40 of the Chancery Act provides for a decree to be entered by the court on bill and answer, and is, viz.:

"Section 40. Motion for Decree on Bill and Answer.— The plaintiff may, within ten days after the filing of the answer, or within such further time as the court may allow, move for a decree on bill and answer, and if the motion be overruled the plaintiff shall have the right to proceed to trial notwithstanding the motion or order thereon; and if the answer be found insufficient as a defense but amendable, the court may permit it to be amended on such terms and conditions as may be equitable."

Section 46 of the Chancery Act provides the time for

taking testimony in a chancery cause when the issues have been settled. We fail to find error in the record.

The petition for a writ of certiorari is hereby denied.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Chief Justice TERRELL and Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.