74 So.2d 879 (1954)
Joseph MULLER, Appellant,
v.
L. MAXCY and J.L. Overstreet, as Clerk of the Circuit Court, in and for Osceola County, State of Florida, Appellees.
Supreme Court of Florida. Division A.
October 5, 1954.
*880 S.S. Muller, Chicago, Ill., for appellant.
Mabry, Reaves, Carlton, Fields & Ward, Tampa, and Murray Overstreet, Kissimmee, for appellees.
SEBRING, Justice.
Joseph Muller instituted suit in the Circuit Court for Osceola County to cancel a tax deed upon certain property as to which he had been the original record title owner. To the amended complaint filed in the cause the defendant Overstreet, as Clerk of the Circuit Court for Osceola County, filed his answer in which he incorporated the grounds that the complaint did not state a claim upon which relief could be granted as to him and that he was not a proper party to the cause. The defendant Maxcy also filed an answer in which he denied all the material allegations of the amended complaint, and averred that the amended complaint failed to state a claim upon which relief could be granted as to him.
Approximately five months elapsed after the answers had been filed before any steps were taken by either party to bring the cause to conclusion. On November 11, 1953, the defendant Overstreet filed, and served upon the plaintiff, a notice that since no pleadings had been filed and no evidence had been taken by either party subsequent to the filing of the answers the cause was thereby set down "to be heard on the pleadings  Bill and Answer * * *." On November 12, 1953, the defendant Maxcy filed and served a similar notice.
The cause came on to be heard on January 27, 1954, pursuant to the notices. At the hearing counsel for the plaintiff Muller filed a motion to extend the time for taking testimony on the issues made by the amended complaint and answers to March 27, 1954, on the ground that the plaintiff, who would be a material witness at the trial, had suffered a heart attack and was unable to travel to Florida to give testimony in the cause. The court denied the motion for extension of time and entered a final decree in favor of the defendants as follows:
"The above-styled cause came on this day for final hearing on the pleadings under equity rule 46, after two months have elapsed from time cause was at issue * * * and the Court having examined the pleadings, and heard argument of counsel for the respective parties * * * Finds, Adjudges and Decrees that essential allegations of the Bill of Complaint, without proof of which plaintiff could not recover, are denied by the Answers, and that such denials are to be taken as true in the absence of proof to the contrary, which has not been made.
"It is, therefore * * * Ordered, Adjudged and Decreed * * * 1. That the equities of the cause are with the defendants * * * and against the plaintiff * * * 2. That the Bill of Complaint be, and the same is, hereby dismissed at the cost of the plaintiff, and that the defendants and each of them go hence without day * * *."
The primary question on the appeal is whether the cause ever became at issue so as to permit the defendants to set the cause down for final hearing on the pleadings  bill and answer, under Equity Rule 46, 31 F.S.A., when, in the answers, there were incorporated certain defenses that might have been interposed by motion to dismiss, which had not been called up *881 for hearing and disposition prior to final hearing.
With reference to this question, Equity Rule 39 provides, so far as the same is material here, that
"At the expiration of ten days from the filing of the answer * * * the cause shall be deemed at issue. If, however, within such period of ten days a motion is filed to strike the whole of the answer * * * or if the cause is set down for hearing on bill and answer [under Equity Rule 40 (h)], the cause shall not be deemed at issue until the points of law so presented shall have been ruled on by the court."
As to the period of time within which testimony must be taken after the cause has become at issue, Equity Rule 46 provides that:
"In the absence of any order by the court extending or limiting the time otherwise, two months from the time a cause is at issue and no longer shall be allowed for the making of testimony in any cause, unless the case has been set for trial before the court."
While Equity Rule 33 (b) permits a defendant to file a separate motion to dismiss a complaint on the ground of "failure to state a claim upon which relief can be granted" it also allows a defendant to include such "defense in law" in the answer. Subsection (c) of the rule authorizes any party to the cause, "after the pleadings are closed, but within such time as not to delay the trial," to "move for decree on the pleadings;" and subsection (d) thereof requires the trial court "unless the court orders that the hearings and determination thereof shall be deferred until the trial," to hear and determine the motion before trial, where application has been made by either party.
We find nothing in the rules referred to above, or in any other rule in effect at the time of this litigation, to indicate an intention that, where a "defense in law" has been incorporated in an answer, the cause is not to become at issue until a ruling has been made on the sufficiency of the defense, or in lieu of such ruling an order has been entered by the trial court deferring the ruling until the final hearing.
We must conclude, therefore, that inasmuch as the plaintiff took none of the appropriate steps available to him to test the sufficiency of the answer, which would have tolled the running of time, the cause became at issue ten days after the answer was filed, Young v. Curtis, 108 Fla. 348, 146 So. 543, and the time for taking testimony expired two months thereafter. F. Garcia & Bros. v. P. Garcia & Bros., 57 Fla. 421, 49 So. 749; Mayfield v. Wernicke Chemical Co., 65 Fla. 113, 61 So. 191. After the expiration of the two-months period, the defendants set the cause down for final hearing on the pleadings  bill and answers. They thus became entitled to a decree of dismissal if the facts pleaded in the cause by bill and answers warranted such relief. This was a substantial right of which the defendants could not be deprived except upon clear grounds of equity and right. Mayfield v. Wernicke Chemical Co., supra; Strong v. Clay, Fla., 54 So.2d 193.
Though the plaintiff asserts, with great confidence, that Florida Narcissus Farm, Inc., v. Carter, 143 Fla. 699, 197 So. 387, and Miller v. Security-Peoples Trust Co., 144 Fla. 425, 198 So. 73, are authority for the proposition that under the facts at bar the cause never became at issue, it is apparent from a mere reading of the decisions that they have no bearing on the issues involved. In Florida Narcissus Farm, Inc., v. Carter, supra, the question for decision was whether or not a cause should have been declared at issue on bill and answer while there was still pending in the cause undisposed of motions to strike portions of the answer and to dismiss the counterclaim incorporated in the answer. This Court had no choice to rule otherwise than that inasmuch as section 39 of the 1931 Chancery Practice Act expressly provided that the filing of a motion to dismiss a counterclaim prevented a cause becoming at issue "`until the points of law so presented shall have been ruled upon by the court,'" the trial court did not commit error *882 in refusing to declare the cause at issue. Miller v. Security-Peoples Trust Company, supra, was a case wherein the entry of a final decree on the pleadings was denied because the time allowed for taking testimony after the filing of a reply to a crossbill had not expired, under the express provisions of sections 39 and 46 of the 1931 Chancery Practice Act. In each other instance where the effect of a pending motion to dismiss has been involved in cases decided under the applicable rules, the decision has turned upon other points, and there does not appear to have been a full consideration of the provisions of the rules. Storm v. Houghton, 156 Fla. 793, 24 So.2d 519; Rountree v. Rountree, Fla., 72 So.2d 794.
So far as we are informed by the record, the plaintiffs made no effort to invoke a ruling by the court as to the sufficiency of the "defense in law" contained in the answers, either prior to the final hearing on the pleadings, at the hearing, or at any time thereafter. See Terra Ceia Estates v. Taylor, 68 Fla. 261, 264, 67 So. 169; Cobb v. Cobb, 82 Fla. 287, 89 So. 869. Instead, he waited until the final hearing and then moved, for the first time, for an allowance of an additional two-months period within which to present testimony. Manifestly, this motion came too late because it was filed after the expiration of the two-months period allowed by the rules for taking testimony, and after the defendants had entitled themselves to a ruling on the merits of the case by setting the cause down for final hearing on the bill and answers. Demos v. Walker, 99 Fla. 302, 126 So. 305; Hancock v. Hancock, 128 Fla. 684, 175 So. 734.
But aside from the fact that the motion was not timely filed, there were other deficiencies present which warranted its denial. For example, the motion was not verified, signed by the plaintiff or supported by the affidavit or anyone who purported to know the real condition of the plaintiff. E.B. Elliott Co. v. Elliott, 137 Fla. 456, 188 So. 89, 90. While as the sole ground for an extension of time the motion stated that the "said plaintiff has suffered an attack of Coronary Thrombosis and is unable to travel to Florida," it failed to show when the attack occurred, the degree of its severity, or whether the inability of the plaintiff to travel to Florida was due to such attack or to some other cause. It did not state that the testimony of the plaintiff could not have been taken by deposition during the two-months period allowed for the taking of testimony; nor did it disclose whether or not the plaintiff would ever be able to travel to Florida, thereby making a continuance for that reason meaningless, or, if he was only temporarily unable to travel, when the plaintiff could or whether he ever intended to come to Florida to give testimony. Though Equity Rule 46 provides that "The time for taking testimony may be extended by special order of the court in its discretion," the rule should be construed "to require dispatch and promptness in the taking of testimony and any motion to enlarge the time must show good and unavoidable reason for not taking the testimony within the time fixed by the rule. Otherwise it will serve no useful purpose." E.B. Elliott Co. v. Elliott, supra; Hewett v. Hewett, Fla., 65 So.2d 51.
We conclude, therefore, that not only was the motion filed too late but also that the plaintiff failed in his motion to show good cause for extending the time for taking testimony.
As to that aspect of the case involving the rendition of the final decree by the trial court on the allegations of the complaint and answers, the rule is that at such a hearing
"all the proper allegations of the bill not sufficiently denied by the answer are to be taken as true and all allegations in the answer of new or affirmative matter are to be deemed denied. Moreover, where issues are made by denials in the answer, the decision at the hearing must be against the party who had the burden of proof according to the rules of evidence. See McCarthy, 1931 Florida Chancery Act, Annotation *883 page 95." Strong v. Clay, supra.
Under this rule it is plain from a study of the pleadings that the defendants were entitled to a final decree on the pleadings and, consequently, that the decree appealed from should be affirmed.
It is so ordered.
ROBERTS, C.J., and TERRELL and MATHEWS, JJ., concur.