GLICKSTEIN, Judge.
This is a consolidated appeal of a final judgment of the Broward County circuit court in a suit under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the regulations of the United States Department of Labor pursuant to that act, 29 C.F.R. Chapter 5, and of a non-final order assessing fees and costs.
The facts establish that plaintiff/appellant was employed at defendant/appel-lee’s food service facility at Fort Lauder-dale airport. He brought an action to recover overtime pay for time worked in excess of forty hours per week during that employment. Aero Enterprises admitted Goodman had worked a greater than forty hour work week, but raised as an affirmative defense that this was done under a bona fide executive exemption provided for in 29 U.S.C. § 213(a)(1) and accompanying regulations found at 29 C.F.R. § 541 and following. The trial court agreed with ap-pellee’s position; and there is substantial, competent evidence upon which its decision was legitimately based. We find it unnecessary to discuss appellant’s remaining point on the merits.
Following oral argument, we requested supplemental briefs because of the seemingly anomalous situation arising out of the award of a substantial attorney’s fee for the prevailing employer/appellee in this case. Appellee correctly points out, based on the additional record, that there was never any objection by appellant to the awarding of an attorney’s fee at the trial level. Accordingly, the issue has not been preserved for appeal. See Nelson v. Selden Cypress Door Co., 78 Fla. 203, 83 So. 286 (1919). In addition to the foregoing, appellant’s counsel here stipulated that the losing party would pay the opposing party’s attorney’s fees and the trial court acted on that stipulation. Any error was invited. See Lesperance v. Lesperance, 257 So.2d 66 (Fla. 3d DCA 1972).
The anomaly remains in that the subject statute does not provide for an award of an attorney’s fee to the employer. It provides for a reasonable attorney’s fee to be paid by the defendant when judgment is awarded to the plaintiff. 29 U.S.C. § 216(b). Here, the employee was the plaintiff, and judgment was for the defendant. While these remarks are dicta, it *837 seems that the employee’s attorney was acting within the scope of his authority, real or apparent, when he stipulated to the award of an attorney’s fee to the prevailing party. In such case, the client is bound. See Small v. Colonial Inv. Co., 92 Fla. 503, 109 So. 433 (1926). We disagree with appellant’s position that the stipulation was an attempt of the parties to control a question of law, which would not bind the court. See Massachusetts Bonding and Insurance Co. v. Bryant, 175 So.2d 88 (Fla. 1st DCA 1965), affirmed, 189 So.2d 614 (1966). The stipulation here is merely a contract between the parties to the effect that the loser will pay the prevailing party’s attorney’s fee. If it were shown that both parties mistook the law and entered the stipulation, thinking they were merely doing obeisance to the law by making the stipulation; or if the law explicitly prohibited such award of attorney’s fees, making the agreement an illegal contract, then the stipulation could be set aside. But those are not the facts here.
Recently, in Hallock v. State, 64 N.Y.2d 224, 485 N.Y.S.2d 510, 474 N.E.2d 1178 (1984), plaintiffs’ counsel had, at pretrial conference, entered into a stipulation of settlement with the defendant, in a suit challenging a taking. New York’s highest court held that the plaintiffs were bound by the stipulation, even if the lawyer acted outside his actual authority, unless there was a cause for setting it aside sufficient to invalidate a contract. The court said plaintiffs must look to relief against the attorney for any damages.
We affirm.
ANSTEAD, C.J., and GOLDMAN, MURRAY, Associate Judge, concur.