805 So.2d 829 (2001)
FLYER PRINTING COMPANY, INC., Appellant,
v.
Robbin HILL, Appellee.
No. 2D00-5008.
District Court of Appeal of Florida, Second District.
July 18, 2001.
Rehearing Denied August 30, 2001.
*830 James R. Wiley of Carlton Fields Ward Emmanuel Smith & Cutler, P.A., Tampa, for Appellant.
Ronald W. Fraley of Fraley & Fraley, P.A., Tampa, for Appellee.
NORTHCUTT, Judge.
After resigning her position with Flyer Printing Company, Inc., Robbin Hill sued the company for employment discrimination. The circuit court denied Flyer Printing's motion to stay the proceeding and to compel arbitration, and Flyer Printing appealed. We affirm because the parties' arbitration agreement is unenforceable as to Hill's discrimination claims.
Hill alleged in her lawsuit that Flyer Printing's management became hostile toward her after she informed it of her pregnancy in April 1999, and that management retaliated against her for reporting the discrimination to the company's human resources department in late August 1999. She resigned two weeks later, characterizing her resignation as a constructive discharge, and then filed complaints of discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations. In due course the EEOC issued a notice of Hill's right to sue within 90 days. She did so, seeking the panoply of civil relief available to individual plaintiffs under Title VII of the Civil Rights Act of 1964, 42 U.S.C. *831 § 2000e, and the Florida Civil Rights Act of 1992, section 760.11, Florida Statutes (1999).
Flyer Printing moved to stay the proceeding and to compel arbitration based on an agreement for binding arbitration Hill signed when she first began working at the company. The agreement required the arbitration of any legal dispute or controversy relating to Hill's employment or termination, including any federal or state statutory claim.
When deciding whether to compel arbitration, a court is limited to considering (1) whether the parties have entered into a valid arbitration agreement, (2) whether an arbitrable issue exists, and (3) whether the right to arbitration has been waived. Florida Select Ins. Co. v. Keelean, 727 So.2d 1131 (Fla. 2d DCA 1999). Here, the circuit court denied Flyer Printing's motion at the first stage of this inquiry, based on Hill's argument that four aspects of the arbitration agreement rendered it unenforceable in an action of this kind.
Specifically, Hill complained that the agreement required the parties to equally bear the costs of the arbitration and arbitrator's fees; provided that an award exceeding $50,000 would be subject to review and modification by a second arbitrator; required the aggrieved party to give the other party written notice of any claim within one year of the alleged wrong; and provided that the arbitrator would be selected pursuant to the procedures of the American Arbitration Association, with the proviso that the arbitrator had to be a retired Florida circuit judge unless no such retired judge was willing to serve. We discern that the first of these provisions precludes enforcement of the arbitration agreement in this context. For this reason, we need not determine whether the agreement was undermined by the other disputed terms.
We begin our analysis by observing that parties may agree to arbitrate statutory claims, including claims under Title VII, so long as the agreement furnishes an adequate mechanism for vindicating the claimant's statutory rights. Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991).[1] On the other hand, when an arbitration agreement contains provisions that defeat the remedial purpose of the statute, the agreement is not enforceable. Cole v. Burns Int'l Sec. Servs., 105 F.3d 1465, 1468 (D.C.Cir.1997).
In this case, Hill contended that the arbitration agreement must fail because it required her to bear half the costs and fees associated with the arbitration, whereas both Title VII and the Florida Civil Rights Act permit the prevailing party to seek recovery of all her fees and costs. § 760.11(5), Fla. Stat. (2000); 42 U.S.C. § 2000e-5(k). She relied heavily on the decision of the United States Court of Appeals for the Eleventh Circuit in Paladino v. Avnet Computer Technologies, Inc., 134 F.3d 1054 (11th Cir.1998). In that case the parties' arbitration agreement limited the claimant's recovery to contract damages. The Eleventh Circuit panel unanimously determined that this limitation precluded enforcing the agreement as to the plaintiff's employment discrimination claim under Title VII, for which the statute furnished a broader array of relief.
*832 Significantly, two of the three Paladino judges also posited that the agreement was unenforceable because it did not assign responsibility for paying arbitration fees and costs. The judges noted that this omission compelled an employee to pay a hefty arbitration filing fee and left him vulnerable to liability for at least half the cost of the arbitration. They asserted that such did not comport with the policies embodied in Title VII, and that the agreement was unenforceable for that reason. Paladino, 134 F.3d at 1062 (Cox, J., concurring).
Ironically, on October 3, 2000the very day Hill was citing Paladino to the circuit court in the hearing on Flyer Printing's motion to compel arbitration-the United States Supreme Court heard oral arguments in its review of one of that decision's progeny, Randolph v. Green Tree Financial Corp.Alabama, 178 F.3d 1149 (11th Cir.1999), aff'd in part, rev'd in part, 531 U.S. 79, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000). Applying Paladino, the Eleventh Circuit in Randolph held that an arbitration agreement that did not fix responsibility for arbitration fees and costs could not be enforced to require arbitration of the plaintiff's claims under the federal Truth In Lending Act and Equal Credit Opportunity Act. The agreement was unenforceable, the court wrote, "because it fail[ed] to provide the minimum guarantees required to ensure that Randolph's ability to vindicate her statutory rights [would] not be undone by steep filing fees, steep arbitrators' fees, or other high costs of arbitration." Randolph, 178 F.3d at 1158.
The Supreme Court reversed. The Court acknowledged that high arbitration expenses could prevent a litigant from effectively vindicating her federal statutory rights in the arbitral forum. But it held that the party seeking to invalidate an arbitration agreement on that ground bears the burden to show the likelihood of incurring costs of that magnitude. In other words, the potential risk to the claimant stemming from the parties' failure to address the matter in the arbitration agreement was not sufficient in itself to render the agreement unenforceable. Green Tree Fin. Corp.Alabama v. Randolph, 531 U.S. 79, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000).
Not surprisingly, Flyer Printing argues that, after Green Tree, a statutory plaintiff seeking to invalidate an arbitration agreement must prove that arbitrating would be prohibitively more expensive to her than litigating in court. It points out that Hill has made no such showing. But the issue in Green Tree differed from the one presented by the arbitration agreement under consideration here. Green Tree involved the plaintiff's obligation to prove that, as a practical matter, the expense attendant to arbitration was so burdensome as to render the arbitral forum inaccessible to her. On the other hand, the issue before us today is whether the parties' arbitration agreement, by its terms, improperly restricted Hill's statutory rights under Title VII.
The Eleventh Circuit illuminated this distinction in a decision issued after this case was briefed. In Perez v. Globe Airport Sec. Servs., Inc., No. 00-13489, 2001 WL 649497 (11th Cir. June 12, 2001), Perez resisted arbitrating her Title VII claim for employment discrimination. Perez is more on point than either Paladino or Green Tree, in that the Perez agreement expressly allocated responsibility for paying arbitration fees and costs. As in our case, each party was obliged to pay half.
The Perez court acknowledged that Green Tree announced a rule contrary to the alternative holding by the two concurring judges in Paladino; the mere failure to declare which party must advance arbitration *833 fees and costs does not render an agreement unenforceable. Still, the court invalidated the arbitration agreement because its provision for equally sharing the fees and costs of arbitration conflicted with a prevailing Title VII claimant's statutory right to seek an award of all her fees and costs. See 42 U.S.C. § 2000e-5(k). "The Court's decision in Green Tree does not cast doubt on the continuing vitality of the primary holding in Paladino. An arbitration agreement containing provisions that defeat a federal statute's remedial purpose is still not enforceable." Perez, 253 F.3d 1280, 1286-87.
Consistent with Perez, in this case we approve the circuit court's refusal to enforce the parties' arbitration agreement because it required Hill to bear half the fees and costs associated with the arbitration. In so doing, the agreement contravened Hill's statutory right to seek a full award of her fees and costs under Title VII and the Florida Civil Rights Act, thus defeating the remedial purposes of those statutes.
Flyer Printing contends that this shortcoming is of no real consequence because the National Rules for the Resolution of Employment Disputes adopted by the American Arbitration Association empower the arbitrator to assess all costs of arbitration against Flyer Printing. It is true that the mentioned rules permit the arbitrator to charge all costs to one party, and they provide that the rules prevail over conflicting provisions in the arbitration agreement. The problem with this argument is that the parties' arbitration agreement did not adopt those rules. It did provide for the selection of the arbitrator according to American Arbitration Association procedures. Otherwise, it stated that the arbitration would conform to "the procedures of the Florida Arbitration Code sections 682.01-.22." Those procedures permit the arbitrator to charge arbitration fees and expenses to one party or the other, "[u]nless otherwise provided in the agreement or provision for arbitration[.]" § 682.11, Fla. Stat. (1999). Consequently, in an arbitration contemplated by the parties' agreement, the arbitrator would be bound by the offending fee splitting provision. See Perez, 253 F.3d 1280, 1285-86 (rejecting employer's reliance on rules governing arbitration of employment disputes where agreement specified that arbitration would proceed under separate set of rules applicable to labor disputes).
Finally, Flyer Printing points out that it offered to pay all the costs of arbitration notwithstanding the language of the agreement. Hill rejected this unilateral offer to amend the agreement, however, and we are not authorized to remake the parties' contract.
Affirmed.
PARKER, A.C.J., and CASANUEVA, J., concur.
NOTES
[1] Federal case law interpreting Title VII is applicable to cases arising under the Florida Civil Rights Act of 1992. Florida State University v. Sondel, 685 So.2d 923 (Fla. 1st DCA 1996).