DAVIS, Chief Judge.
Jose Hernandez challenges the trial court’s nonfinal order granting Colonial Grocers, Inc.’s motion to compel arbitration in his action against Colonial in which he alleged violations of the Fair Labor Standards Act[1] and section 440.205, Flori *409 da Statutes (2010), of the Florida Workers’ Compensation Act. We reverse.
After Hernandez filed his action against Colonial, Colonial moved to compel arbitration pursuant to its employee manual, a copy of which Hernandez had signed in conjunction with his employment. The arbitration clause of the manual provides as follows:
Any controversy or .claim arising out of or relating to the employment relationship created between the employer (Company) and employee (you), including all topics covered in this Employee Manual, and the interpretation of this Manual, or any alleged breach of it, shall be settled by arbitration in accordance with the Arbitration Rules of the American Arbitration Association, with such arbitration to take place in the County of Hillsborough, State of Florida with an agreed upon arbitrator. If the parties cannot agree on an arbitrator, a court of competent jurisdiction shall appoint an arbitrator at the request of either Party. Although the parties shall initially bear the cost of arbitration equally, the prevailing party, if any as determined by the arbitrator at the request of the parties which .is hereby deemed made, shall be entitled to reimbursement for its share of costs and reasonable attorneys’ fees, as well as interest at the statutory rate.
(Emphasis added.) The trial court granted Colonial’s motion, and Hernandez challenges that decision.
On appeal, Hernandez first argues that the arbitration agreement is unenforceable because it requires him to share the initial costs of arbitration. He relies on Flyer Printing Co. v. Hill, 805 So.2d 829 (Fla. 2d DCA 2001), arguing that it provides a bright-line rule that any fee-splitting provision renders an arbitration clause unenforceable. We do not agree with Hernandez’s reading of Flyer Printing and reject the notion that this court set forth such a bright-line rule in that case.
However, Hernandez also argues on appeal that the instant arbitration agreement is unenforceable because it includes a prevailing party attorney’s fee provision that contradicts the attorney’s fee provision of the statute under which he brought suit. Our opinion in Flyer Printing speaks directly to this argument, and its application renders the arbitration clause in Colonial’s employee manual unenforceable.
The plaintiff in Flyer Printing brought suit under Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act of 1992. Flyer Printing moved to compel arbitration, and the trial court denied the motion. In reviewing that denial, this court acknowledged that “parties may agree to arbitrate statutory claims, including claims under Title VII” but noted that “when an arbitration agreement contains provisions that defeat the remedial purpose of the statute, the agreement is not enforceable.” Id. at 881. The specific issue before this court in Flyer Printing was “whether the' parties’ arbitration agreement, by its terms, improperly restricted Hill’s statutory rights under Title VII.” Id. at 832 (emphasis omitted). This court affirmed the trial court, stating as follows:
[W]e approve the circuit court’s refusal to enforce the parties’ arbitration agreement because it required Hill to bear half the fees and costs associated with the arbitration. In so doing, the agreement contravened Hill’s statutory right to seek a full award of her fees and costs under. Title' VII and the Florida Civil Rights Act, thus defeating the remedial purposes of those statutes.
Id. at 833.
Here, Hernandez brought suit under the federal Fair Labor Standards *410 Act and the Florida Workers’ Compensation Law. The federal act states that a prevailing plaintiff is entitled to an award of reasonable attorney’s fees, but it does not allow for prevailing party fees for the defendant. 29 U.S.C. § 216(b). The instant arbitration agreement, however, states that whichever party prevails “shall be entitled to reimbursement for its share of costs and reasonable attorneys’ fees.” Accordingly, should the arbitrator declare Colonial the prevailing party, Hernandez would be obligated under the arbitration agreement to pay Colonial’s attorney’s fees. This renders the potential cost of arbitration to be far greater to Hernandez than the potential cost of civil litigation, which under no circumstances would include Colonial’s attorney’s fees. As such, while the parties’ agreement may not contravene any of Hernandez’s rights under the federal act, it does expose him to a potential liability to which he would not be exposed if the litigation occurred in civil court because the federal statute specifically protects him from such liability.
This is a sufficient enough chilling effect to defeat the remedial pui-pose of the federal act. The attorney’s fees provision of the Fair Labor Standards Act is intended to encourage employees to seek redress when they believe they have been wronged by an employer. The arbitration agreement, however, does just the opposite — it discourages the employee from pursuing a claim. As such, under Flyer Printing, it is unenforceable. See 805 So.2d at 833 (“An arbitration agreement containing provisions that defeat a federal statute’s remedial purpose is ... not enforceable.”).
We reject Colonial’s suggestion on appeal that Flyer Printing is no longer good law because the Eleventh Circuit case upon which it relied has since been reversed. We recognize that in Flyer Printing this court cited Perez v. Globe Airport Security Services, Inc., 253 F.3d 1280 (11th Cir.2001), for the proposition that arbitration provisions proscribing statutorily available remedies are illegal. And it is true that the Eleventh Circuit has since vacated its opinion in Perez, but it did so based on a stipulation of dismissal entered into by the parties prior to the mandate issuing. See Perez v. Globe Airport Sec. Servs., Inc., 294 F.3d 1275, 1276 (11th Cir.2002).
Furthermore, this court’s reliance on Perez in Flyer Printing was for the proposition that “ ‘[t]he [United States Supreme] Court’s decision in Green Tree [Financial Corp.-Alabama v. Randolph, 531 U.S. 79, 91, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000),] does not cast doubt on the continuing vitality of the primary holding in Paladino [v. Avnet Computer Technologies, Inc., 134 F.3d 1054 (11th Cir.1998) ]. An arbitration agreement containing provisions that defeat a federal statute’s remedial purpose is still not enforceable.’ Perez, 253 F.3d [at] 1286-87.” Flyer Printing, 805 So.2d at 833. Despite the ultimate fate of Perez, 253 F.3d 1280, this court was free to agree with the reasoning put forth in Paladino and to rely on it as persuasive authority. See Paladino, 134 F.3d at 1062 (“When an arbitration clause has provisions that defeat the remedial purpose of the statute, ... the arbitration clause is not enforceable.”). As such, Flyer Printing is still the law of the Second District.
For the reasons discussed, we reverse the trial court’s order granting Colonial’s motion to compel arbitration and remand for further proceedings.[2]
Reversed and remanded.
ALTENBERND and NORTHCUTT, JJ., Concur.

. 29U.S.C. § 216(b) (2006).

. Because we are reversing on this basis, we need not address Hernandez’s argument that the arbitration agreement should be deemed unenforceable because the cost of arbitration is prohibitively expensive. Furthermore, we need not address the issue of whether it is the purview of the trial court or the arbitrator to determine whether there is a valid arbitration agreement as that issue has been settled in the trial court’s favor by the Florida Supreme Court in Shotts v. OP Winter Haven, Inc., 86 So.3d 456, 465 (Fla.2011).