# Third District Court of Appeal

## State of Florida

Opinion filed January 21, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2060
Lower Tribunal No. 19-17070-CA-01
_____

**DG Auto Group Export, Inc., et al.,**
Appellants,

vs.

**Gustavo Mendez,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Daryl E. Trawick, Judge.

Grumer Law, P.A., and Keith T. Grumer (Weston), for appellants.

Perera Law Group, and J. Freddy Perera, Brody M. Shulman and Alexandra C. Hayes (Davie), for appellee.


Before EMAS, GORDO and LOBREE, JJ.

EMAS, J.

DG Auto Group Export, Inc., Elite Motor Cars Miami, LLC and Edgar M. Guanuna (collectively, "Employer") appeal a final judgment awarding attorney's fees and costs to Gustavo Mendez, following judgment in Mendez's favor on his federal wage claim case. For the reasons that follow, we affirm.

Mendez, an auto mechanic formerly employed by Employer, filed suit against Employer on June 6, 2019, seeking to recover unpaid wages under the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). Mendez was represented by counsel pursuant to a contingency fee agreement.

The case proceeded to trial in September 2023, resulting in a jury verdict in favor of Mendez for $7,612.50. After the court awarded Mendez liquidated damages (FLSA allows for statutory doubling, which in this case resulted in a judgment in excess of $15,000), final judgment was entered on October 24, 2023. Thereafter, Mendez filed his motion for attorney's fees and costs. The court also found that Mendez was entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).[1]

---

[1] The Fair Labor Standards Act, 29 U.S.C. §216(b), provides, in relevant part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee . . . affected in the amount of . . . their unpaid overtime compensation, . . . and

Mendez sought a lodestar and contingency multiplier pursuant to Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145 (Fla. 1985), and requested fees of $290,375 with a 2.0 multiplier.

Employer objected to Mendez's motion,[2] asserting that although Mendez was entitled to an award of reasonable fees and costs under FLSA, he was not entitled to the amount he sought, because his attorneys "exercised poor billing judgment" and charged "excessive rates" in a "garden variety wage claim." Employer also argued that the amount of reasonable fees should not be calculated under Florida law, but rather, under federal law, and that federal law generally prohibits the use of a multiplier or an enhancement of fees.

Mendez replied to Employer, asserting that Florida law must be applied and, additionally, that federal law does allow for a multiplier where the litigation has been protracted by the Employer's "incessant failure to timely comply with court ordered deadlines and discovery obligations." Employer

in an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

[2] Employer did not object to Mendez's entitlement to a reasonable attorney's fee as the prevailing party in the action. Employer's objection was to the trial court's determination of the amount, to the use of a multiplier, and to reliance on Florida, rather than federal, law.

filed a Supplemental Memorandum in Opposition, contending that Florida law on fee enhancements is preempted in FLSA cases, and that contingency multipliers are not authorized under federal law in FLSA cases.

Following an evidentiary hearing, the trial court entered a detailed, twelve-page Final Judgment Awarding Attorney's Fees and Costs. The trial court determined that "[b]ecause this matter is in state court, this Court must follow Florida procedural law as set forth in" Rowe, 472 So. 2d at 1145. After setting out the Rowe factors, the court indicated that Mendez's request for fees was excessive, and awarded an amount it deemed reasonable (and which amount fell between Mendez's and Employer's calculations).

The final judgment evidences a thorough and thoughtful consideration of the evidence presented by both sides. The trial court concluded Mendez was entitled to a multiplier of 1.5, but not based upon the contingent nature of the fee arrangement; rather, the trial court applied a multiplier to enhance the fee award based upon a finding that Employer and counsel intentionally evaded their litigation obligations and ignored trial court orders in the hopes that Mendez would abandon his lawsuit, rendering the litigation exceptionally protracted and causing Mendez's counsel to suffer exceptional delay in recovering attorney's fees.

4

In enhancing the fee award, the trial court cited to and relied upon the United States Supreme Court's decision in <u>Perdue v. Kenny A. ex rel. Winn</u>, 559 U.S. 542 (2010), as well as the Fifth District's decision in <u>BMW of N. Am. v. Henry</u>, 336 So. 3d 1255, 1258 (Fla. 5th DCA 2022).

Employer filed a motion for rehearing, which the trial court denied in another thorough order. In doing so, the trial court made two important findings:

● First, the trial court's order on rehearing indicated that "the outcome of this Court's fee analysis would be the same" even if the court had applied federal law rather than <u>Rowe</u>, noting that "the <u>Rowe</u> factors 'mirror' the factors used in the federal lodestar approach—an approach that stems from <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir. 1974)." The trial court concluded that its "lodestar analysis under <u>Rowe</u> tracks the <u>Johnson</u> factors as a matter of law and fact, making the analysis equally valid under both <u>Rowe</u> and <u>Johnson</u>. <u>See also</u> <u>Perdue</u>, 559 U.S. at 550-51; <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 430 n.3 (1983) (acknowledging the twelve factors <u>Johnson</u> articulated for a trial court to consider in determining a reasonable fee); <u>Appalachian, Inc. v. Ackmann</u>, 507 So. 2d 150, 154 n. 4 (Fla. 2d DCA 1987) ("<u>Rowe</u> is a lineal descendent of <u>Johnson v. Georgia</u>

5

Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974)"). Thus, the trial court concluded, "there is no error for this Court to cure."

● Second, the trial court noted that it did not apply a "contingency multiplier" in its attorney's fee order, but rather applied a "fee enhancement" (even if described in the final judgment as a "multiplier") for circumstances recognized by the United States Supreme Court in Perdue and by our sister court in BMW of North America v. Henry, 336 So. 3d 1255, 1258-59 (Fla. 5th DCA 2022).  While there is a "strong presumption that the lodestar figure is reasonable" and that no enhancement is necessary, such a presumption may be overcome, and a fee enhancement authorized "in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." Perdue, 559 U.S. at 554.  As the United States Supreme Court further explained, there may be an

> extraordinary circumstance in which an attorney's performance involves exceptional delay in the payment of fees. . . Compensation for this delay is generally made either by basing the award on current rates or by adjusting the fee based on historical rates to reflect its present value. But we do not rule out the possibility that an enhancement may be appropriate where an attorney assumes these costs in the face of unanticipated delay, particularly where the delay is unjustifiably caused by the defense.

Id. at 556 (internal quotation omitted).

In the attorney's fee order that is the subject of this appeal, the trial court made the following finding in support of its enhancement:

> Defendants and counsel admitted to intentionally evading their litigation obligations and ignoring this Court's orders in the hopes that Plaintiff would abandon the case. This conduct caused exceptional delays, thereby making the litigation exceptionally protracted, and causing Plaintiff's counsel exceptional delay in recovering fees. A standard lodestar award would not properly capture the value provided by Plaintiff's counsel in this matter. It has now been more than 5 years since the Complaint was filed, over a year since the jury entered its verdict, and more than 10 months since Plaintiff's counsel filed its Motion for Attorneys' Fees and Costs. The Court finds that a multiplier of 1.5 is proper in this matter. The total fees to be awarded are: $186,862.50.

Although we agree that the trial court's order could have been clearer in describing its application of federal (rather than Florida) law in its determination of a reasonable attorney's fee in this FLSA case,[3] we find no

---

[3] Federal law applies to a determination of a reasonable attorney's fee in a FLSA case, even when brought in State court. Because, "circumstances under which a party is entitled to costs and attorney's fees is substantive," "we look to federal law" to determine the amount of fees allowable under FLSA. Serrao v. Mantis Funding, LLC, 374 So. 3d 48, 51 (Fla. 4th DCA 2023) (citing Timmons v. Combs, 608 So. 2d 1, 2-3 (Fla. 1992)); see also BMW of North America v. Henry, 336 So. 3d at 1258 (Fla. 5th DCA 2022) (holding "the Florida Supreme Court has determined that a 'statutory right to attorney's fees constitutes a substantive right.'"); Hernandez v. Colonial Grocers, Inc., 124 So. 3d 408 (Fla. 2d DCA 2013) (in an action under FLSA brought in state court, applying federal law to the question of whether an arbitration agreement impermissibly contravenes with federal law on entitlement to attorney's fees); Patricia Gail Van Diepen, P.A. v. Brown, 976 So. 2d 38 (Fla. 5th DCA 2008) (applying federal law to the issue of

reversible error in the trial court's ultimate determination of the number of hours reasonably expended or in its determination of a reasonable hourly fee for each of the attorneys who rendered legal services. The trial court properly considered the relevant factors in arriving at the lodestar figure, whether based on <u>Rowe</u> or its federal analog of <u>Johnson</u>. In other words, any error by the trial court in citing to or relying upon <u>Rowe</u> was harmless, as there is no reasonable possibility that a different lodestar figure would have resulted had the trial court cited to and relied upon <u>Johnson</u> and its progeny, which require consideration of the very same factors as <u>Rowe</u>.

We further reject Employer's claim that the trial court erred in applying a contingency multiplier. While, again, the trial court's order could have been clearer, a review of the record in context—including the attorney's fee hearing, the pleadings submitted by the parties, and the order denying Employer's motion for rehearing—establishes that the trial court did not

---

reasonable attorney's fees in a state court claim under FLSA); <u>Goodman v. Aero Enters.</u>, 469 So. 2d 835 (Fla. 4th DCA 1985) (acknowledging application of federal law to determine amount of reasonable attorney's fees).

Federal courts uniformly apply the FLSA when determining reasonable attorney's fees, even where some of the claims are brought under state law. <u>See e.g.</u>, <u>Murray v. Playmaker Servs., LLC</u>, 548 F.Supp.2d 1378 (S.D. Fla. 2008) (holding FLSA applies even though two claims in the lawsuit were based on Florida statutes); <u>McBride v. Legacy Components, LLC</u>, 778 Fed. Appx. 708 (11th Cir. 2019).

apply a "contingency multiplier" under <u>Joyce</u> and Florida law, but rather enhanced the fee under federal law, relying upon the rare circumstances approved by the United States Supreme Court in <u>Perdue</u>. Particularly, and as alluded to earlier, the trial court determined in its order that the lodestar amount did not adequately take into account a factor that may properly be considered in determining a reasonable fee, and that factor (one of the rare circumstances justifying an enhancement) was the conduct of Employer and counsel in "intentionally evading their litigation obligations and ignoring this Court's orders in the hopes that Plaintiff would abandon the case, which rendered the litigation exceptionally protracted and caused exceptional delay in the recovery of fees by Mendez's counsel."

We find no abuse of discretion in the trial court's determination, or in its enhancement of the attorney's fee award, consistent with the analysis and holding of the United States Supreme Court in <u>Perdue</u>, 559 U.S. at 542.

Affirmed.